LAURY *v.* STATE.

*(Nashville,* December Term, 1947.)

Opinion filed July 17, 1948.

Rehearing denied October 16, 1948.

T. B. Passmore, of Memphis, for plaintiff in error.

Nat Tipton, Assistant Attorney-General for the State.

Mr. Justice Prewitt delivered the opinion of the Court.

Defendant, Lawrence Laury, was indicted for robbery and convicted of an attempt to commit a felony and his punishment fixed at not more than two years in the penitentiary. Since the judgment must be affirmed, the sentence will be corrected so as to sentence defendant to imprisonment in the penitentiary for not less than one nor more than two years for an attempt to commit a felony.

The principal matter about which defendant complains is that under the indictment he cannot be convicted for an attempt to commit a felony. By statute (Williams' Code, sec. 11758) any person indicted for a felony may be convicted of an attempt to commit the same.

It is contended that the trial judge was in error in charging the jury on petit larceny at the suggestion of the assistant district attorney general. The offense of petit larceny is embraced in the charge of robbery (*Tucker* v. *State*, 50 Tenn. 484), and by statute (Code, sec. 11751) it is made the duty of the trial judge to˙charge upon all offenses set out in the indictment.

The prosecutor, Ervin Thompson, testified that he lived on Leath Street in Memphis; that he was 49 years

of age and his occupation a bricklayer; that on the night of April 19, 1947, about 8 p. m., he was in a cafe and beer garden on Jackson Avenue near Main Street; that while there he met defendant and talked with him between one and two hours and drank some beer with him; that they walked together one or two blocks to Main Street to a liquor store, where he bought a half pint of liquor, and they remained there about 30 minutes; that they then walked to Main and Auction Street, where they stopped, and he got a good view of defendant; that as they were walking and talking together defendant asked him to loan him some money, and he replied that he had but little money and none to loan; that defendant replied, ''You are due to have $70.00 or $80.00 on you at any time''; that when they arrived near Third Street on Auction defendant suddenly attacked him with a knife and cut him on his left side near the waist line and on his right breast; that he then walked across Auction, turned around and told defendant to pick up his glasses which were broken and lying on the sidewalk; that he then went to a store, where a friend called Police Headquarters, and a Squad car with two policemen came out and took him to the John Gaston Hospital and he remained there for treatment two or three days; that he reported to the policeman the facts of the assault and gave him a description of the person who assaulted him; and after he had gotten out of the hospital he found that $6.02, which he remembered having after he bought the liquor, was missing; that he had never seen this man before and never saw him again until about six weeks before the arrest on October 25, 1947. The prosecutor identified defendant by a certain type of eyeglasses he wore, the way he was dressed, and his general appearance.

The witness Tuttle testified that he was a patrolman on the Police Force of Memphis; that on October 25, 1947, he was sent to Lane and Manassas to make an arrest upon a call that had come to Police Heaquarters; that he did not know himself what offense defendant was arrested for and did not talk to him on the way to Police Headquarters; that he knew nothing about the facts of the case and had nothing to do with it after the arrest.

Defendant testified in his own behalf, as did his wife, and they both claimed that he was at home when the alleged offense was committed.

We are unable to say that the evidence preponderates in favor of the innocence of defendant. It appears from the record that defendant had a fair trial, and his identity was clearly established by the testimony of the prosecutor.

All assignments of error are overruled and the judgment is affirmed.

All concur.

## On Petition to Rehear.

A petition to rehear has been filed herein in which it is insisted that the defendant be given credit for the time he has served in jail on the sentence imposed by the jury. This ground of the petition is sustained, and the judgment of the lower court will allow this credit.

The other insistence is that under the authority of *State* v. *Missio*, 105 Tenn. 218, 58 S. W. 216, the judgment of the lower court should be reversed. In the present case the jury returned in open court and requested further instructions as to whether or not they might fix a less punishment than that provided by the general written charge of the court, and thereupon the trial judge

wrote out and delivered to the jury a supplemental charge that under the indictment they could convict the defendant of an attempt to commit a felony. In *State* v. *Missio, supra*, the district attorney general wrote out a written request which he submitted to the trial judge, who pronounced it accurate and applicable, and thereupon the district attorney general read this special request to the jury with the approval of the trial judge as a part of the charge of the court. This was held to be error, as it had the effect of giving the trial judge's endorsement to the matters of law presented by the prosecution.

The petition to rehear is denied, except the defendant is allowed the time he has served on his sentence.

All concur.