414

WILLIE GROVE

*v.*

STATE OF TENNESSEE.

365 S. W. 2d 292

(*Nashville,* December Term, 1962)

Opinion filed February 7, 1963.

Rehearing Denied March 6, 1963.

HUGH STANTON, Memphis, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, Nashville, for defendant in error.

MR. CHIEF JUSTICE PREWITT, delivered the opinion of the Court.

The defendant below, Willie Grove, was found guilty of murder in the second degree and was sentenced to serve not more than ten years in the State Prison.

Defendant relies upon the defense that his confession was coercively obtained, and that the evidence preponderates against the verdict.

Further that the defendant was arrested upon the theory that he committed a robbery on May 1, 1961, and the evidence of the latter offense should not have been admitted on the ground that circumstances of arrest are always relevant.

The deceased, Wilbur R. Smith, was working at the Peter Pan Pantry, a grocery in Memphis, on the night of May 1, 1961, about 11:30 p. m., when he was shot with a .38 caliber pistol below the right eye. He died July 19,

1961. The wound was inflicted upon the victim after his assailant announced "this is a stick up."

Ray Smith, uncle of the deceased, was present at the time, and he stated that the defendant admitted the offense; that he was a colored man and wore a light brown jacket; and that he ran after firing the shot without proceeding with the robbery.

The victim was carried to the Methodist Hospital and said to his wife, "I believe this is it," and then proceeded to relate to her details regarding the event and corroborated the statements of his uncle.

The defendant admitted to the police officers that he committed the offense, as well as to other people.

In the defendant's confession, he stated that he went to the grocery and became frightened and admitted making the confession, but contended that it was made as a result of coercion.

The record reveals a clear case of murder in the first degree, and we are at a loss to know that he was only convicted of second degree murder.

All assignments are overruled and the judgment of the lower court is affirmed.

On Petition to Rehear.

PER CURIAM.

In this petition to rehear Grove complains that the original opinion did not mention Assignment No. 3 which is in the following words:

"The verdict of the jury is erroneous and is not supported by the evidence or by the law in that there is

no question about the proof or theory offered by the State in that if the position of the State is substantiated the defendant would be guilty of murder in the first degree; if the said position is not substantiated, the defendant should be acquitted. The proof does not support a conviction of murder in the second degree. Murder in the second degree is a substantive felony, has its peculiar characteristics and elements and the proof of the record in the instant case does not have the requisite elements to sustain a verdict of murder in the second degree; the jury repudiated the State's theory that the defendant was guilty of murder perpetrated in the course of the robbery, therefore, the verdict cannot stand and the verdict for murder in the second degree should be set aside.''

▉ It is not error for the Court to fail to consider in its opinion each and every error assigned. To do so would, on occasions, cause the opinion to be entirely too long. We do, however, consider all assignments in the preparation of the final opinion.

We now, however, respond to the above assignment.

T.C.A. sec. 40-2518 provides that:

''It shall be the duty of all judges charging juries in cases of criminal prosecutions for any felony wherein two (2) or more grades or classes of offense may be included in the indictment, to charge the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant to do so.''

▉ Under an indictment for robbery, the defendant may be convicted of an attempt to commit a felony. *Laury v. State*, 187 Tenn. 391, 215 S.W.2d 797.

Also in the case of *Rushing v. State*, 196 Tenn. 515, 268 S.W.2d 563, the defendant charged with rape was convicted of an assault and battery with intent to commit rape. This Court approved this conviction and dealt with Section 11758 of the Code of Tennessee, now T.C.A. sec. 40-2520.

In the case of *Lancaster v. State,* 144 Tenn. 21, 229 S.W. 150, the Court dealt at length with the question presented by this petition to rehear and affirmed the judgment of the Trial Court in approving a verdict of the jury convicting the defendant of an assault with intent to commit voluntary manslaughter when, in fact, the defendant was charged in the indictment for first degree murder.

An examination of the charge given by the Court, which is quite clear, shows that the Trial Judge acted in strict conformity with this section of the Code. (T.C.A. sec. 40-2518).

T.C.A. sec. 40-2520 provides that upon an indictment for any offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment and guilty of any degree inferior thereto. The defendant may also be found guilty of any offense the commission of which is necessarily included in that with which he is charged.

In the case of *Grindstaff v. State,* 172 Tenn. 77, 110 S.W.2d 309, it was said: The common-law doctrine of merger is abolished by this section so that the accused may be convicted of any offense which is embraced in that charged in the indictment.

Murder in the second degree is a lesser included offense of murder in the first degree, or to state it an-

other way around, murder in the first degree includes the lesser offense of murder in the second degree. The evidence in this record is sufficient to justify a conviction of murder in the first degree and it would, of course, support a conviction of a lesser included offense of murder in the second degree.

In the very recent case of *Strader v. State,* 210 Tenn. 669, 362 S.W.2d 224, 227, the Court said:

"So now when one is put on trial on a single charge of felony, he is also on trial for all its lesser included offenses, as the facts may be. For example, a charge of murder in the first degree also includes the lower grades of homicide, assault with intent to commit murder, assault and battery, and a simple assault. *Jones v. State,* 128 Tenn. 493, 161 S.W. 1016; *Templeton v. State,* 146 Tenn. 272, 278-281, 240 S.W. 789.

"Likewise, a charge of rape also embraces the lesser included offenses of assault and battery with intent to commit rape (T.C.A. sec. 39-605), an assault with intent to commit a felony (T.C.A. sec. 39-603), and an assault and battery, which is a misdemeanor. So, one put to trial on a charge of rape may be convicted of that crime or one of its lesser included offenses, as the case may be."

We have given thorough consideration to the petition to rehear, together with the authorities cited, and we are of the opinion that there is no merit in such petition for the reasons set our herein.

The petition to rehear is, therefore, denied.