PHYLLIS JACOBS, CAROLYN GRIDER and PETE ABERNATHY,

*v.*

STATE OF TENNESSEE.

450 S.W.2d 581.

(*Jackson*, April Term, 1969.)

Opinion filed February 16, 1970.

M. A. HINDS, W. RAY JAMISON, HARRY U. SCRUGGS, Memphis, for appellants.

DAVID M. PACK, Attorney General, ROBERT H. ROBERTS, Assistant Attorney General, Nashville, for appellee.

PER CURIAM.

## Memorandum and Order

Certiorari is granted for the sole purpose of taking jurisdiction of this case in order to remand it to the Court of Criminal Appeals for consideration by that court of the errors assigned by defendants. Defendants assigned a number of errors, none of which has been considered by the Court of Criminal Appeals. Instead, that court has reversed the case on a point not relied on by defendants.

Defendants are entitled to have their assignments of error considered by the Court of Criminal Appeals, T.C.A. sec. 16-448. It is then the function of this Court on certiorari to review the action of the Court of Criminal Appeals, T.C.A. sec. 16-452. Until the Court of Criminal Appeals has considered all of the meritorious errors assigned this process of appellate review cannot be followed. *Grove v. State,* 211 Tenn. 414, 365 S.W.2d 292, cited by the Court of Criminal Appeals as authority for pretermitting consideration of the assignments of error is not in point. That case holds that "It is not error for the Court to fail to consider in its opinion each and every error assigned. To do so would, on occasions, cause the opinion to be entirely too long." But that is not the point. In the present case the assignments have been pretermitted entirely, without any consideration of their merits by the Court upon whom this duty devolves by law. *Grove* is simply authority on which the Court of Criminal Appeals can ignore an assignment of error if it is found to be without merit.

It is so ordered.