Larry R. WALKER, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

July 28, 1976.

Certiorari Denied by Supreme Court Oct. 4, 1976.

Charles L. Hendrix, Jr., Asst. Public Defender, Nashville, for appellant.

R. A. Ashley, Jr., Atty. Gen., Robert E. Kendrick, Deputy Atty. Gen., Nashville, Edward M. Yarbrough, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

RUSSELL, Judge.

Larry R. Walker appeals his convictions for armed robbery and assault with the intent to commit second degree murder. Consecutive sentences of life imprisonment and two to five years were fixed.

Walker's guilt is virtually stipulated. He committed an armed robbery of a liquor store, taking all of the store's money from the one employee that he knew to be on the premises. A second employee viewed the robbery from his vantage point behind a one-way mirror, summoned the police, and then locked himself in the rest room. After getting possession of all of the money, the defendant ordered the one employee that he was aware of to get into a closet. Walker then occupied himself searching in the office for additional loot. However, several police officers arrived shortly. Walker then made the employee leave the closet and go to the front of the store, threatening to shoot him if he told of Walker's presence. Walker then took his place in the closet. The employee soon felt safe in telling the officers that the man they were seeking was in the back. When they opened the door to the back, Walker opened fire. One of his four shots struck Officer Lucas in the leg. Officer Cummings fired one shot, which struck Walker. Walker surrendered.

■ Certainly the armed robbery case is made out. Equally clear is Walker's guilt of attempted murder. The evidence would clearly support an attempt to commit first degree (in commission of a felony) murder, instead of second degree. The assignment of error contending that the evidence preponderates in favor of innocence and against guilt understandably is neither briefed nor argued, and is overruled.

Two assignments in different ways complain of the consolidation for trial of these two charges. There was no abuse of the trial court's discretion in disposing of both cases at the same time, since factually they are so intertwined that virtually all of the evidence would have been admissible in each separate trial. *Hayes v. State,* 4 Tenn. Cr.App. 360, 470 S.W.2d 950 (1971); *5 Wharton's Criminal Law and Procedure,* (Anderson 1957) § 1942. Specifically, the photographs of the bullet holes and other damage done by the four shots fired by Walker were not erroneously admitted, as being applicable only to the assault case. What Walker did on the premises immediately after he had consummated the robbery was probative circumstantial evidence as to his *mens rea* at the time of the robbery, as well as going to prove supportively other facets of the *corpus delicti* such as the use of a deadly weapon and putting the victim in fear.

Walker assigns as error that the trial judge denied his special jury charge request as follows:

"Ladies and gentlemen of the jury, the defendant has requested that I charge you, and I do charge you, that a person may be convicted of the lesser offense of attempt to commit a felony even though the final act constituting the felony has been completed."

The bill of exceptions does not support the contention that this charge was requested and refused. We, therefore, need not consider the assignment. *Gentry v. State,* 184 Tenn. 299, 198 S.W.2d 643 (1947); *Pulley v. State,* Tenn.Crim.App., 506 S.W.2d 164 (1973). Furthermore, the claimed special request was not a correct statement of the law to be charged to a jury. While convictions for lesser included offenses are sometimes permitted to stand, even though the accused committed the greater offense, simply because the convicted defendant cannot claim prejudice from the erroneously merciful judgment, *Grove v. State,* 211 Tenn. 414, 365 S.W.2d 292 (1963); *Laury v. State,* 187 Tenn. 391, 215 S.W.2d 797 (1948); *Lancas-*

*ter v. State,* 144 Tenn. 21, 229 S.W. 150 (1920), a jury should not be charged that it can lawfully convict of an attempt when it finds that the offense has in fact been fully committed. It is well established that even where a lesser offense is included in a charge, if the proof clearly shows a defendant has committed the higher offense of which he was convicted, it is not error if the court fails to charge on the lesser included offense. *James v. State,* 215 Tenn. 221, 385 S.W.2d 86 (1964); *Patterson v. State,* 218 Tenn. 80, 400 S.W.2d 743 (1966); *Martin v. State,* Tenn.Crim.App., 497 S.W.2d 583 (1973). Obviously, there was no requirement to charge on an attempt to commit a felony in the instant case. *Levasseur v. State,* 3 Tenn.Cr.App. 513, 464 S.W.2d 315 (1970). Nor should the jury have been charged that they could violate their oath and deliberately find guilt of an attempt when the crime was consummated. Where such verdicts have been affirmed they have not been explicitly authorized by the judge's charge, and have been sustained because non-prejudicial to the accused.

Error is assigned upon the trial court's failure to charge that portion of T.C.A. § 40–3613 which deals with eligibility for parole of one given a life sentence. T.C.A. § 40–2707 required such a charge. However, our Supreme Court, in the recent case of *Farris v. State,* Tenn., 535 S.W.2d 608 (1976), held T.C.A. § 40–2707 unconstitutional in pertinent part. Hence, the trial judge can hardly have erred in failing to fully comply with the statute.

Finally, it is said that the sentence set for the armed robbery indicated prejudice and caprice and is excessive under the proof. Life imprisonment is a prescribed punishment for armed robbery, and therefore is not excessive. *Carroll v. State,* 212 Tenn. 464, 370 S.W.2d 523 (1963). We observe that the jury was lenient in finding guilt of a lesser offense than the proof warranted in the attempted murder case. Walker not only perpetrated an armed robbery, but demonstrated a malignity of heart when he tried four times to kill a police

officer. It is against Walker's will at that time that he is not a murderer. Certainly this was more than an ordinary armed robbery, as contended.

Affirmed.

WALKER, P. J., and DAUGHTREY, J., concur.