IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JUNE 1998 SESSION

FILED

June 24, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

1

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9709-CR-00420 |
| | ) | |
| | ) | Sullivan County |
| v. | ) | |
| | ) | Honorable Phyllis H. Miller, Judge |
| | ) | |
| DONALD RAY HAMMONDS, | ) | (Aggravated Assault) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Raymond Conkin
320 Cherokee Street
Kingsport, TN 37660

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Clinton J. Morgan
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

H. Greeley Wells, Jr.
District Attorney General
        and
Robert H. Montgomery
Assistant District Attorney General
P.O. Box 526
Blountville, TN 37617

OPINION FILED:_____

REVERSED AND DISMISSED

Joseph M. Tipton
Judge

# O P I N I O N

The defendant, Donald Ray Hammonds, appeals as of right from his conviction by a jury in the Sullivan County Criminal Court for aggravated assault, a Class C felony. The trial court sentenced the defendant as a Range II, multiple offender to nine years in the custody of the Department of Correction and imposed a five thousand dollar fine. The court ordered the defendant to serve his sentence consecutively to an earlier sentence. The defendant contends that the evidence is insufficient to support his convictions and that the trial court erred by overruling his motion to dismiss for failure to establish venue. Although not raised by the defendant, we reverse the conviction and dismiss the indictment because it fails to state an offense.

The evidence at trial showed that the defendant and the victim, Michelle Hammonds, were married but separated at the time of the offense. The victim was living in Sullivan County, and the defendant was living in Johnson City with the victim's then fifteen-year-old niece, April Dishner. At 11:30 p.m. on February 22, 1996, the victim was waiting to meet someone at the bottom of the hill near her house when a car drove up in which the defendant was a passenger. The defendant forced the victim into the car and slapped her a few times, cutting the inside of her mouth. They drove to Johnson City and picked up the victim's niece.

When the defendant returned to the car, he had a gun. As they were going back to the victim's house in Sullivan County, the defendant removed the gun from his pocket, shot it outside the window about three times, put the gun to the top of the victim's head, and threatened to kill her. The defendant hit the victim in the face and choked the victim by placing his hands around her throat. The victim eventually lost consciousness. When she regained consciousness, the defendant stated that they

2

were almost to the victim's house. The victim's niece hit her a few times, causing her to lose consciousness again. The victim was left at the bottom of the hill at her house. The victim suffered multiple bruises and abrasions which caused swelling and bleeding, and her nose was broken in seven places.

## I. SUFFICIENCY OF THE INDICTMENT

We note that the defendant did not challenge the sufficiency of the indictment before trial, nor does he challenge it in this appeal. As a general proposition, defenses and objections based on defects in the indictment must be raised before trial. Tenn. R. Crim. P. 12(b)(2); State v. Randolph, 692 S.W.2d 37, 40 (Tenn. Crim. App. 1985). If the defendant fails to raise the issue before trial, the issue is deemed to be waived. Tenn. R. Crim. P. 12(f); see Rhoden v. State, 816 S.W.2d 56, 61 (Tenn. Crim. App. 1991). However, Rule 12(b)(2) states that jurisdictional defects or the failure to charge an offense "shall be noticed by the court at any time during the pendency of the proceedings . . . ." Moreover, we are required to determine "whether the trial and appellate court have jurisdiction over the subject matter," even though the issue is not presented as a ground for relief. T.R.A.P. 13(b); see State v. Seagraves, 837 S.W.2d 615, 617-18 (Tenn. Crim. App. 1992).

The provisions of both the Federal and Tennessee Constitutions guarantee to the criminally accused knowledge of the "nature and cause of the accusation." U.S. Const. amend. VI; Tenn. Const. art. I, § 9.

> The rigor of old common-law rules of criminal pleadings has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a formal acquittal or conviction."

3

Hagner v. United States, 285 U.S. 427, 430, 52 S. Ct. 417, 419 (1932). (citations omitted). This court has stated that "the test for the sufficiency of an indictment is whether it contains the elements of the offense intended to be charged [and] sufficiently apprises the defendant of what he must be prepared to meet." State v. Smith, 612 S.W.2d 493, 497 (Tenn. Crim. App. 1980). When the indictment fails to state the crime, all subsequent proceedings are void. State v. Morgan, 598 S.W.2d 798, 797 (Tenn. Crim. App. 1979).

The defendant in the present case was convicted of an intentional aggravated assault. Aggravated assault occurs when a person "[i]ntentionally or knowingly commits an assault as defined in § 39-13-101 and . . . [u]ses or displays a deadly weapon[.]" Tenn. Code Ann. § 39-13-102(a)(1). An assault occurs when one "[i]ntentionally, knowingly or recklessly causes bodily injury to another [or] [i]ntentionally or knowingly causes another to reasonably fear imminent bodily injury[.] Tenn. Code Ann. § 39-13-301(a)(1), (2). The indictment in the present case states as follows:

> The Grand Jurors for Sullivan County, Tennessee, being duly empaneled and sworn, upon their oath present and say that DONALD RAY HAMMONDS on or about February 23, 1996 in the State and County aforesaid and before the finding of this Indictment did unlawfully, feloniously, intentionally, and knowingly commit an assault on Michelle Hammonds by using and displaying a deadly weapon, in violation of Section 39-13-102 of the Tennessee Code Annotated . . . .

(emphasis added). The indictment purports to allege an aggravated assault by stating that the defendant assaulted the victim by using and displaying a deadly weapon. We believe the indictment fails to state an offense.

Initially, we recognize that our supreme court has stated that it has relaxed the pleading requirements for indictments. See Ruff v. State, 978 S.W.2d 95, 100 (Tenn. 1998); State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). Nevertheless, the indictment must still "state the facts constituting the offense in ordinary and concise

4

language. . . ." Tenn. Code Ann. § 40-13-202. In this respect, an indictment "must allege facts as to each essential element of the offense[.]" State v. Trusty, 919 S.W.2d 305, 309 (Tenn. 1996).

In the present case, the indictment alleges that the defendant committed an assault by using or displaying a deadly weapon. That is, the only fact that it alleges to constitute the assault is that the defendant used or displayed a deadly weapon. An assault requires that the defendant cause bodily injury to the victim or cause the victim reasonably to fear imminent bodily injury. An intentional or knowing assault, coupled with the use or display of a deadly weapon, constitutes an aggravated assault. The bare allegation that the defendant used or displayed a deadly weapon does not constitute an assault or an aggravated assault. Because the indictment is insufficient, the conviction is reversed, and the indictment is dismissed.

## II. VENUE/SUFFICIENCY OF THE EVIDENCE

Although our holding on the sufficiency of the indictment is dispositive, we are required to decide the defendant's issues because of the possibility of the appeal of our decision. See Jacobs v. State, 224 Tenn. 106, 450 S.W.2d 581 (1970). First, the defendant contends that the evidence did not show that the offense occurred in Sullivan County. The state responds that venue was properly established, primarily relying on the fact that the victim was assaulted on the way from her house to Johnson City.

Our constitution provides that a defendant has the right to be tried in the county in which the crime was committed. Tenn. Const. art. I, § 9; Tenn. R. Crim. P. 18(a); Chadwick v. State, 201 Tenn. 57, 60, 296 S.W.2d 857, 859 (1956). Although venue is not an element of the crime, the state must prove by a preponderance of the evidence that the offense was committed in the county of trial. See Tenn. Code Ann.

5

§ 39-11-201(e), (f); Harvey v. State, 213 Tenn. 608, 612, 376 S.W.2d 497, 498 (1964); State v. Baker, 639 S.W.2d 670, 672 (Tenn. Crim. App. 1982). Circumstantial evidence may be used to establish venue. State v. Bennett, 549 S.W.2d 949, 950 (Tenn. 1977). Venue may be found by drawing reasonable inferences from proven facts. See State v. Smith, 607 S.W.2d 906, 907 (Tenn. Crim. App. 1980). In fact, slight evidence is sufficient if it is uncontradicted. See State v. Bloodsaw, 746 S.W.2d 722, 724 (Tenn. Crim. App. 1987).

First, we reject the state's argument that the offense began in Sullivan County when the defendant forced the victim into the car and slapped her. We believe that this evidence establishes a different assault than the one for which the defendant was convicted. After the defendant slapped the victim, causing cuts inside her mouth, they rode to Teresa Dishner's residence to look for the victim's niece. When the victim's niece was not there, they drove to Ms. Dishner's sister's home and found the victim's niece inside. The defendant left the car and returned with her. We do not believe that what occurred after the defendant returned to the car can be considered to be a continuation of the earlier assault.

The victim was the sole source of evidence regarding venue. She testified that she lived in Blountville, Sullivan County, and that she rode with the defendant to two houses in Johnson City, which is in Washington County. She stated that when the defendant and her niece entered the car, they started back toward her house and the next thing she knew, they both were on her, the defendant hitting her and grabbing her by the throat. She said that her niece hit her in the face a couple of times and that she lost consciousness. She testified that she later awoke and asked where they were, and the defendant replied, "almost home." She said that her niece then hit her a few more times, and she passed out again. The victim testified that when she awoke, they were at the bottom of the hill near her house. On cross-examination,

6

the victim testified that the events were unclear to her. She stated that she saw the defendant with a gun when he entered the car with her niece. She then said that he fired the gun when they were "going down the road" back to her house. However, she said that she did not remember where she was when he fired the gun, only that it was somewhere between Johnson City and her house.

If the evidence is viewed relative to the defendant's personal actions, we believe that the evidence is insufficient to prove that venue for the crime lies in Sullivan County. The victim's testimony has the defendant deploying a gun and choking her before the first time she lost consciousness. The same is essentially true for the defendant pointing the gun at her and threatening to kill her. In this respect, other than speculation, nothing in the record indicates that the defendant's conduct that constituted the offense occurred in Sullivan County.

However, we note that the record reflects that the defendant and the victim's niece were acting in concert relative to assaulting the victim. Although the state did not proceed upon the theory of, nor did the trial court instruct the jury about, criminal responsibility for another, we need not be blind to the proper application of law. Pursuant to Rule 18(d), Tenn. R. Crim. P., if an element of an offense is committed in one county while other elements are committed in a second county, "the offense may be prosecuted in either county." The defendant displayed the gun when they were returning to the victim's home. Both he and the victim's niece assaulted the victim, and the defendant pointed the gun at her head. The defendant also fired the gun three times. The niece continued hitting the victim until they were near the victim's home. We believe that the assault was continuous in nature. See State v. Pelayo, 881 S.W.2d 7 (Tenn. Crim. App. 1994). Moreover, the fact that the defendant did not use or display the gun for the duration of the assault is immaterial. The effect of the use and display

7

of the gun was that the victim allowed herself to be beaten, and this continued through the course of the entire assault. We believe that proper venue was proven.

With respect to the defendant's contention that the evidence is insufficient, the defendant concedes that the victim was assaulted but argues that no evidence exists to show aggravating factors that would justify raising his conduct to aggravated assault. Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This means that we do not reweigh the evidence, but presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. <u>See</u> <u>State v. Sheffield</u>, 676 S.W.2d 542, 547 (Tenn. 1984); <u>State v. Cabbage</u>, 571 S.W.2d 832, 835 (Tenn. 1978).

In the light most favorable to the state, the evidence establishes beyond a reasonable doubt that the defendant assaulted the victim and that he used or displayed a gun during the assault. <u>See</u> Tenn. Code Ann. § 39-13-102(a)(1)(B). The victim testified that during the ride to her house from Johnson City, the defendant took out a gun, shot the gun three times, put the gun to the top of the victim's head, and said, "I'll kill you, bitch." The victim testified that she feared for her life at the time, and we believe that her fear was reasonable under the circumstances of this case. Furthermore, the victim testified that the defendant hit and choked her. We hold that had the defendant been properly indicted for aggravated assault, the evidence was sufficient to convict the defendant of aggravated assault.

8

In consideration of the foregoing and the record as a whole, we hold that because the indictment fails to allege an offense, the conviction is reversed and the indictment is dismissed.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
John H. Peay, Judge


_____
David G. Hayes, Judge

9