# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
## May 2000 Session

## ROGER HARRIS v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Unicoi County
### No. 4280    Lynn W. Brown, Trial Judge

---

### No. E1999-02056-CCA-R3-PC - Decided July 28, 2000

---

The petitioner, convicted of first degree murder and reckless endangerment, filed a pro se petition for post-conviction relief in March 1995. The petition was amended several times, first by the petitioner, then by the public defender, and ultimately by private counsel. The trial court summarily dismissed the petition by order because it was not "verified by any oath or affirmation." We reverse and remand, holding that the original petition was filed under a statute that did not require verification by oath or affirmation and, in the alternative, that the affirmation executed by the private counsel is sufficient under the current law.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Kenneth J. Irvine, Jr., Knoxville, Tennessee, for the appellant, Roger Harris.

Michael E. Moore, Solicitor General, R. Stephen Jobe, Assistant Attorney General, Joe C. Crumley, Jr., District Attorney General, and Kenneth Carson Baldwin, Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

### Introduction

In June 1991, the petitioner, Roger Harris, was convicted by a Unicoi County jury of first degree murder and reckless endangerment. The petitioner was sentenced to life imprisonment for the murder and to two years incarceration for the reckless endangerment, and a panel of this Court affirmed those convictions and sentences. See Roger Dale Harris, No. 03C01-9201-CR-00019 (Tenn. Crim. App. filed July 23, 1992, in Knoxville). The petitioner's subsequent petition for post-conviction relief was dismissed when the trial court concluded that it was not "verified by any oath or affirmation" as required by statute, see Tenn. Code Ann. § 40-30-204(e), and from that dismissal

the petitioner appeals. The state agrees that the verification is not necessary in the instant case and further agrees that remand to the trial court for further proceedings is appropriate. We remand.

## Background

In March 1995, the petitioner timely filed a pro se petition for post-conviction relief and amended that petition in May 1995. The trial court subsequently appointed an attorney from the public defender's office as counsel, and counsel amended the petition. In September 1997, the petitioner's family secured private representation for the petitioner,[1] and that counsel again amended the petition. The petition and amendments assert that the petitioner received ineffective assistance of counsel at trial and appellate level, that the original indictment was invalid, and that jury instructions were erroneous. The trial court entered an order denying the petition because it was not "verified by oath or affirmation."

The state agrees with the petitioner's first assertion, that the trial court erroneously dismissed the amended petition because it was not verified as required by the current statute. The state further agrees that remand to the trial court is appropriate. In the alternative, the petitioner asserts that this appeal presents three questions of first impression: Does the cited statute apply only to pro se petitions or also to petitions drafted and signed by counsel; would oath or affirmation satisfy the statutory requirements and; assuming such oath or affirmation is always required, what remedy does its absence invoke?

## Analysis

Under Tennessee Code Annotated, effective in May 1995, "[t]he petition [for post-conviction relief] and any amended petition shall be verified under oath." Tenn. Code Ann. § 40-30-204(e). However, the defendant's original pro se petition was filed in March 1995, before that statute became effective, and the law at that time did not require a verification by oath. Panels of this Court, in decisions cited by the parties, hold that law prior to May 1995 establishes not only the requirements for petitions filed before that date but also for amendments, filed after that date, for those petitions. See Wright v. State, 987 S.W.2d 26, 28-29 (Tenn. 1999); Joe Nathan Person v. State of Tennessee, No. 02C01-9806-CC-00175, Tenn. Crim. App. filed Mar. 15, 1999, at Jackson); Gaile K. Owens v. State, No. 02C01-9806-CR-00182 (Tenn. Crim. App. filed Sept. 1, 1999, at Jackson); Sylvester Smith v. State, No. 02C01-9801-CR-00018 (Tenn. Crim. App. filed Dec. 28, 1998, at Jackson); Otha Bomar v. State, 01C01-9607-CR-00325 (Tenn. Crim. App. filed Oct. 30, 1997, at Nashville); Terry D. Barber v. State, No. 02C01-9508-CC-00210 (Tenn. Crim. App. filed June 28, 1996, at Jackson).

---

[1] The trial court originally refused to appoint the private counsel until the petitioner's family, who had secured that counsel, paid $500 to the public defender's office for approximately twenty-five hours of services rendered. A panel of this Court reversed and remanded. See Roger Harris v. State, No. 03C01-9712-CR-00516 (Tenn. Crim. App. filed Jan. 28, 1999, at Knoxville).

These cases do not specifically address this "relating back" in the context of the oath requirement. We conclude, however, that the cited precedent establishes the general principle that amendments relate back to an original petition, filed before May 1995, and therefore that the oath requirement for these amendments, under the prior statute, are unnecessary. See also Tenn. Code Ann. § 40-30-201, Compilers' Notes, (The current act "shall govern all petitions for post-conviction relief filed after May 10, 1995, and any motions filed after that date to reopen petitions for post-conviction relief which were concluded prior to May 10, 1995.").

Although our holding disposes of the petitioner's alternative arguments, we briefly address those issues. See Jacobs v. State, 450 S.W.2d 581 (Tenn. 1970). First, under the plain language of the statute, we believe that the requirements apply to all petitions, not only those filed pro se. See, e.g., John William Evans v. State, No. 03C01-9601-CR-00018 (Tenn. Crim. App., filed Aug. 13, 1997, at Knoxville) (The trial court properly dismissed, without a hearing, a pro se petition that was amended by appointed counsel when the petitioner declined an opportunity to verify the amendment under oath.). Regarding the nature of the required affirmation, the current counsel did sign and certify that he had investigated all of the facts to determine that they were true and correct to the best of his knowledge and belief. We conclude that such affirmation satisfies the verification requirement. Finally, the petitioner queries what is the proper remedy should an oath or affirmation be absent or insufficient. Outright and summary dismissal is likely not the better course of action. We note that if a pro se petitioner has failed to state a factual basis for the alleged grounds for relief, the trial court may allow an amendment. See Tenn. Code Ann. § 40-30-206(d). Opportunity for the petitioner, pro se or represented, to affirm under oath would be appropriate. See Evans, No. 03C01-9601-CR-00018 (The trial court extended opportunity for petitioner to verify amendments under oath.).

## CONCLUSION

We reverse and remand this action to the trial court for further appropriate action.

_____
JOHN EVERETT WILLIAMS, JUDGE