# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs June 17, 2025 at Knoxville

## JOHN ALLEN HESSMER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Wilson County**
**No. 2023-CR-585, 2021-CR-82          Don R. Ash, Senior Judge**

_____

## No. M2024-01563-CCA-R3-HC

_____

In two separate criminal proceedings, one in Smith County and one in Wilson County, the Petitioner, John Allen Hessmer, was convicted of two felony offenses and two misdemeanors. The trial court sentenced him to an effective sentence of twenty-four years' incarceration. Approximately one year later, the Petitioner applied for a writ of habeas corpus in Wilson County, alleging that his Smith County convictions were void. He also asserted that he had not received proper credit for time served in pretrial detention. The habeas corpus court summarily dismissed the application, concluding that it lacked jurisdiction over the convictions from a different county and that the application otherwise failed to state a cognizable claim for relief. The Petitioner appealed, arguing that the habeas corpus court improperly dismissed the application. Upon our review, we respectfully disagree with the Petitioner and affirm the judgment of the habeas corpus court.

### Tenn. R. App. P. 3 Appeal as of Right;
### Judgment of the Criminal Court Affirmed

TOM GREENHOLTZ, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

John Allen Hessmer, Clifton, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Ryan Dugan, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTUAL BACKGROUND

In February 2023, a Smith County jury convicted the Petitioner of possession of more than 0.5 grams of methamphetamine with intent to sell or deliver, driving while in possession of methamphetamine, and possession of drug paraphernalia in Case No. 21-CR-82 ("Smith County Case"). The trial court imposed an effective sentence of twenty years and eleven months and twenty-nine days to be served in custody.[1]

On August 16, 2023, a Wilson County grand jury indicted the Petitioner in Case No. 23-CR-585 for two counts of retaliation for past action ("Wilson County Case"). After the judges in the district recused themselves, the Chief Justice of the Tennessee Supreme Court designated the Honorable Don Ash to preside over the Wilson County Case, and on February 9, 2024, the Petitioner entered a guilty plea to one count of retaliation. The trial court sentenced him as a Range II, multiple offender to four years in the Department of Correction and ordered the sentence to be served consecutively to the sentence imposed in the Smith County Case.

On August 6, 2024, the Petitioner applied for a writ of habeas corpus from the Wilson County Criminal Court. In his application, the Petitioner claimed that his Smith County felony conviction was void because of inaccurate jury instructions and that his misdemeanor conviction was void for lack of sufficient evidence. Based on those assertions, the Petitioner claimed that his pretrial jail credit should apply exclusively to his Wilson County sentence, resulting in the expiration of that sentence. He further alleged that he was not awarded pretrial jail credit for a total of 252 days, reflecting time spent in both the Wilson County and Smith County jails.

On September 30, 2024, the habeas corpus court summarily dismissed the application. The court concluded that it lacked jurisdiction to adjudicate the Petitioner's claims in the Smith County Case and that the application failed to present a cognizable

---

[1] Another panel of this court recently addressed issues related to the Smith County Case on direct appeal. *See State v. Hessmer*, No. M2023-00602-CCA-R3-CD, 2025 WL 1661450 (Tenn. Crim. App. June 12, 2025).

claim for relief in the Wilson County Case. The Petitioner filed a timely notice of appeal nine days later. *See* Tenn. R. App. P. 4(a).

## STANDARD OF APPELLATE REVIEW

With respect to every issue on appeal, our supreme court has recognized that a reviewing court must ask, "[W]hat is the appropriate standard of review?" *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). The principal issue in this case is whether the habeas corpus court should have granted relief. This question is one of law, and our standard of review is "de novo with no presumption of correctness given to the conclusions of the court below." *Davis v. State*, 313 S.W.3d 751, 755 (Tenn. 2010).

## ANALYSIS

The privilege of the writ of habeas corpus is constitutionally guaranteed by Article I, section 15 of the Tennessee Constitution, which states that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Our supreme court has recognized that, "[u]nlike the federal writ of habeas corpus[,] which reaches as far as allowed by the Constitution, the scope of the writ within Tennessee does not permit relief from convictions that are merely voidable for want of due process of law." *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000). As such, successful prosecution of the writ "has long been limited to showing that the original judgment of conviction was void due to a lack of jurisdiction by the convicting court or to showing that the sentence has expired." *Id.* (emphasis added). Stated another way, "the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (emphasis added); *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn. 2008) ("The determinative issue, then, in every habeas corpus proceeding is whether the challenged judgment is void.").

Despite the writ's being constitutionally guaranteed, the procedures used to issue the writ have been regulated by statute "at least since the Code of 1858." *Ritchie*, 20 S.W.3d at 629 (citation and internal quotation marks omitted); *see* Tenn. Code Ann. §§ 29-21-101, *et seq.* Among other things, the habeas corpus petitioner has the burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). If the court determines that the petitioner has not presented a cognizable claim for relief, the court may

3

summarily dismiss an application for a writ of habeas corpus. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Summary dismissal is proper without the appointment of counsel or a hearing where the judgment and record contain no indication that the conviction is void or the sentence has expired. *Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007).

The Petitioner raises four issues in this appeal. First, he contends that the habeas corpus court erred in finding it lacked jurisdiction to consider his claims for pretrial jail credit, asserting that the credit was largely earned in Wilson County and that all state judges were recused. Second, he argues that the habeas corpus court failed to ensure he received 252 days of jail credit on his Smith County sentences. Third, he alleges that the habeas corpus court made contradictory statements concerning a post-conviction petition and exhibited bias requiring remand to a different judge. Finally, he maintains that the court erred in concluding that habeas relief is unavailable for jail credit claims and by denying him appointed counsel and an evidentiary hearing.

In response, the State contends that none of the Petitioner's claims are cognizable in habeas corpus and that the habeas corpus court properly dismissed the application without further proceedings. For the reasons given below, we agree with the State.

## A. VENUE

The Petitioner first argues that the habeas corpus court erred in dismissing his claims concerning the Smith County Case. Although the Petitioner filed his application in Wilson County, his arguments and attachments exclusively concerned the convictions and sentences from the Smith County Case. The Petitioner asserts that he filed his application in Wilson County because most of his pretrial detention in the Smith County Case occurred there and because, he alleges, all resident circuit judges in both counties had recused themselves from his matters.

The State responds that the Chief Justice appointed the presiding judge solely to adjudicate the original Wilson County Case and, therefore, lacked authority to address the Smith County convictions.[2] More fundamentally, however, the issue is simply one of venue.

---

[2] Of course, a court's subject matter jurisdiction to adjudicate a case is typically distinct from the authority of a particular judge to preside over it. *See State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284,

4

Tennessee Code Annotated section 29-21-105 provides that a habeas corpus application "should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." In *State ex rel. Leach v. Avery*, 387 S.W.2d 346, 347 (Tenn. 1964), our supreme court interpreted this provision to mean that a petitioner must file the application with the court geographically nearest to him—generally within the county of confinement—unless the petition states a sufficient reason for filing elsewhere. *See also Carter v. Bell*, 279 S.W.3d 560, 562-63 (Tenn. 2009) ("Filing with the nearest court or judge generally means the county where the petitioner is being held, unless a sufficient reason is given for not doing so.").

This statutory venue rule is mandatory. As we observed in *Davis v. State*, 261 S.W.3d 16 (Tenn. Crim. App. 2008), an application filed in a court other than the one nearest the applicant may be dismissed unless the application identifies reasons why it was not filed in the nearest court. *Id.* at 20-21. However, an exception to this mandatory requirement may apply when a petitioner challenges a *sentence* that is illegal or expired and files in the convicting court, which is more likely to have access to relevant records and the authority to correct the judgment. *Id.* at 22; *cf. McCaslin v. State*, No. M2009-00898-CCA-R3-HC, 2010 WL 1633391, at *3 (Tenn. Crim. App. Apr. 7, 2010) (distinguishing *Davis* where the application was "based solely upon interpretation of the law and [did] not require documents more accessible to the sentencing court"), *no perm. app. filed*.

In this case, the Petitioner is confined at the South Central Correctional Facility in Clifton, Tennessee, which is located in Wayne County. Thus, the Wayne County Circuit Court is the court nearest to him and is the statutorily proper venue for filing a habeas corpus application. *See State v. Wren*, No. W2017-01978-CCA-R3-CD, 2018 WL 3480424, at *3 (Tenn. Crim. App. July 19, 2018) ("Defendant is incarcerated in Clifton, Wayne County, Tennessee. Defendant's motion, if a proper habeas petition, should have been filed in Wayne County, Tennessee."), *no perm. app. filed*; *Dominquez v. State*, No.

288 (Tenn. 1979). The Chief Justice's order designating a specific senior judge to preside over the original plea hearing did not divest the Wilson County Circuit Court of its broader jurisdiction to adjudicate a later habeas corpus action—provided that the application was otherwise properly filed in that court. Even if all other judges in the judicial district remained recused, another judge could have presided by interchange or by appointment of the Chief Justice. *See* Tenn. Code Ann. § 17-2-110; Tenn. Sup. Ct. R. 11, § VII(c). Nevertheless, because the Petitioner's application failed to comply with the venue requirements of Tennessee Code Annotated section 29-21-105, we agree with the State that the habeas corpus court properly declined to consider the claims presented in the application.

M2016-00302-CCA-R3-HC, 2017 WL 652218, at *3 (Tenn. Crim. App. Feb. 17, 2017) (recognizing that, for a petitioner imprisoned at South Central Correctional Facility in Clifton, Tennessee, "the Wayne County Circuit Court 'is the court closest to [the Petitioner's] place of confinement'"), *perm. app. dismissed* (Tenn. Sept. 13, 2018). Because the Petitioner filed his application for the writ in Wilson County, more than a hundred miles away, his application was subject to summary dismissal unless he stated a sufficient reason for not complying with section 29-21-105.

The Petitioner offers two reasons for filing his habeas corpus application in Wilson County. First, he asserts that his request for 252 days of pretrial jail credit on his Smith County convictions is properly brought in Wilson County because the majority of his pretrial confinement occurred there. Second, he claims that all circuit judges in both Smith and Wilson Counties have recused themselves from his criminal matters, which, apparently, supports a filing in Wilson County. We respectfully disagree that either rationale satisfies the exception to the statutory venue requirement.

With respect to the first claim, the Petitioner does not allege that his current sentence is illegal or expired, which are circumstances under which *Davis* might authorize filing in the convicting court. Instead, he argues that his Smith County convictions are void and that the credits from those convictions, if reassigned to the Wilson County Case, would extinguish that sentence.[3]  *See Ussery v. Avery*, 432 S.W.2d 656, 658 (Tenn. 1968). However, *Davis* does not apply to such claims. As this court has explained, the presence of sentencing records in a given court does not permit venue there when a petitioner alleges a void conviction rather than a void or illegal sentence. *See, e.g.*, *Campbell v. Boyd*, No. W2021-00541-CCA-R3-HC, 2022 WL 2116469, at *3 (Tenn. Crim. App. June 13, 2022), *no perm. app. filed*. As such, the Petitioner's first argument fails to provide a sufficient reason to justify filing his application away from the court nearest to him.

As to the second argument, the Petitioner's claim that all judges in Smith and Wilson Counties have recused themselves—even if accurate—does not affect the statutory venue requirement to file his habeas corpus application in Wayne County. Although venue may be affected in extraordinary cases where no qualified judge is available to hear the petition, *see Goforth v. State*, 144 S.W.2d 739, 739-40 (Tenn. 1940), that is not the circumstance

---

[3]  In his application, the Petitioner specifically claims that he is restrained of liberty based on the convictions and sentences imposed in the Smith County Case. He has attached only the judgments related to that case, and the application does not challenge his Wilson County conviction, which he characterizes as being "valid."

presented here. The Petitioner has not alleged that any judge in Wayne County—the county in which he is currently confined—was unable or unavailable to preside over his application. Accordingly, his references to judicial recusals in the counties of conviction do not supply a sufficient basis to displace the proper venue.

Although the Petitioner's application could have been properly filed in Wayne County, it does not identify any sufficient reason for its having been filed in Wilson County instead. Accordingly, we conclude that the habeas corpus court properly dismissed the application for improper venue pursuant to Tennessee Code Annotated section 29-21-105. *See, e.g.*, *McDaniel v. Sexton*, No. E2012-01443-CCA-R3-HC, 2013 WL 1190813, at *5 (Tenn. Crim. App. Mar. 25, 2013) ("[W]e conclude that the habeas corpus court's summary dismissal of the petition was proper, given that the Petitioner failed to provide a sufficient reason for filing his petition in the Hamilton County Criminal Court."), *no perm. app. filed*. The Petitioner is not entitled to relief on this ground.

## B.  ADDITIONAL ISSUES RAISED BY THE PETITIONER

In light of our holding that the habeas corpus court properly dismissed the application due to improper venue, the Petitioner's remaining issues are rendered moot. However, we recognize the possibility that the parties may seek further appellate review. As such, we address the Petitioner's remaining claims so as not to pretermit any issue raised in this appeal. *See State v. Pendergrass*, 13 S.W.3d 389, 395 (Tenn. Crim. App. 1999) (finding that the evidence was legally insufficient to support the defendant's convictions but holding that an intermediate court must nevertheless address the remaining issues); *Jacobs v. State*, 450 S.W.2d 581, 581 (Tenn. 1970) (stating that the intermediate court of appeals may not pretermit issues entirely).

### 1.  Recognition of Pretrial Jail Credits

In two of his four issues, the Petitioner contends that he is entitled to 252 days of pretrial jail credit in both the Smith County and Wilson County cases. To support his argument, he cites various decisions of this court suggesting that a trial court's failure to award such credit may be reviewed through an application for a writ of habeas corpus. *See Yates v. Parker*, 371 S.W.3d 152, 156 (Tenn. Crim. App. 2012); *Johnson v. State*, No. E2013-01466-CCA-R3-HC, 2014 WL 346080, at *1 (Tenn. Crim. App. Jan. 30, 2014), *no perm. app. filed*. We respectfully disagree that this claim is cognizable in a habeas corpus action.

7

The Petitioner is correct that Tennessee Code Annotated section 40-23-101(c) requires trial courts to award pretrial jail credit. *See, e.g.*, *State v. Bennington*, No. E2020-00025-CCA-R3-CD, 2021 WL 753645, at *2 (Tenn. Crim. App. Feb. 26, 2021), *no perm. app. filed*. However, this is not to say that a failure to recognize such credits can be corrected through the limited remedy of habeas corpus. Indeed, as we explain below, because the failure to recognize pretrial jail credit does not render the sentence or judgment void, habeas corpus relief is not available in this circumstance.

Before 2015, this court routinely acknowledged that the failure to recognize pretrial jail credits could be remedied through a habeas corpus proceeding. In that year, however, our supreme court held that "a trial court's failure to award pretrial jail credits does not render the *sentence* illegal[.]" *See State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015) (emphasis in original). Although *Brown* addressed a claim under Tennessee Rule of Criminal Procedure 36.1, the court has since clarified that the same principle applies in habeas corpus proceedings as well. In *Anderson v. Washburn*, the supreme court explained:

> If the failure to award pretrial jail credits does not render the sentence illegal, such a failure would not render the judgment otherwise illegal. A claim based on a trial court's failure to award pretrial jail credits is not cognizable in the context of a petition for habeas corpus relief. Rather, the appropriate avenue for relief would be to seek correction of a clerical mistake pursuant to Tennessee Rule of Criminal Procedure 36.

*Anderson v. Washburn*, No. M2018-00661-SC-R11-HC, 2019 WL 3071311, at *1 (Tenn. June 27, 2019) (per curiam order for publication) (citations omitted). As *Anderson* recognizes, the appropriate procedure for a defendant to address the failure to award pretrial jail credit is through a motion to correct a clerical mistake in the judgment. *See id.* (citing Tenn. R. Crim. P. 36); *see also, e.g.*, *State v. Theus*, No. W2023-01676-CCA-R3-CD, 2024 WL 4481617, at *4 (Tenn. Crim. App. Oct. 14, 2024), *no perm. app. filed*.

Each of the cases cited by the Petitioner was decided before the opinions in *Brown* and *Anderson* were issued, and as such, they do not reflect current law. Accordingly, even assuming the Petitioner is entitled to additional pretrial jail credit, he has not stated a cognizable claim for habeas corpus relief. *See Ritchie*, 20 S.W.3d at 630. He may, however, seek such relief pursuant to Tennessee Rule of Criminal Procedure 36.

### 2.       Alleged Bias of the Habeas Corpus Court

The Petitioner next asserts that the habeas corpus court made inconsistent statements regarding whether he had filed a separate petition for post-conviction relief. He contends that these discrepancies reflect judicial bias and warrant a remand to a different judge. The State does not respond to this claim on appeal.

We recognize the seriousness of any allegation suggesting partiality by the court. *See State v. Clark*, 610 S.W.3d 739, 743 (Tenn. 2020) ("Litigants in Tennessee have a fundamental right to a fair trial before an impartial tribunal." (citation and internal quotation marks omitted)). However, from our review of the order below, we do not clearly see a contradiction of the kind the Petitioner describes or how that contradiction manifests bias or prejudice. The habeas corpus court appears to have acknowledged prior filings, characterizing them at different points as either a habeas corpus petition or a motion to correct an illegal sentence. The court also referenced the Petitioner's assertion that he had filed a petition for post-conviction relief, while noting that the clerk's office did not have such a filing in its possession.

That said, none of the documents referenced—whether identified by the Petitioner or the habeas corpus court—are included in the appellate record. As an appellate court, our review is limited to the record before us. *See State v. Housler*, 167 S.W.3d 294, 295-96 (Tenn. 2005). The burden of preparing the appellate record is squarely placed on the party seeking appellate review. *See State v. Myers*, 581 S.W.3d 173, 185 (Tenn. 2019). Without these filings, we are unable to evaluate the basis for the Petitioner's concerns. As such, we conclude that the record does not support a finding of judicial bias. The Petitioner is not entitled to relief on this ground.

### 3.       Summary Dismissal of the Application

Finally, the Petitioner challenges the habeas corpus court's decision to dismiss his application without appointing counsel or holding an evidentiary hearing. Under Tennessee law, summary dismissal is appropriate when the application does not state a cognizable claim for habeas corpus relief. *See Summers*, 212 S.W.3d at 261; *Hickman*, 153 S.W.3d at 20. Because the face of the Petitioner's application did not demonstrate that his judgments of conviction were void or that his sentences had expired, the habeas corpus court was not required to appoint counsel or conduct a hearing. Accordingly, the Petitioner is not entitled to relief on this ground.

**CONCLUSION**

In summary, we hold that the Petitioner has not demonstrated that either of the challenged judgments is void or that his sentences have expired. Accordingly, we respectfully affirm the judgment of the habeas corpus court dismissing the application.


s/ *Tom Greenholtz*
TOM GREENHOLTZ, JUDGE

10