IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 13, 2025

**STATE OF TENNESSEE v. CRAIG RICKARD**

**Appeal from the Circuit Court for Cheatham County**
**No. 18485      Larry J. Wallace, Judge**

_____

**No. M2025-00159-CCA-R3-CD**
_____

Six years after his convictions for rape of a child and aggravated sexual battery, the Petitioner, Craig Rickard, filed a petition for a writ of certiorari in the trial court. In that petition, he asserted that the two convictions should have merged under principles of double jeopardy. The trial court summarily denied relief, and the Petitioner appealed. Upon review, we conclude that the Petitioner does not have an appeal as of right from the trial court's denial of the petition. Accordingly, we respectfully dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Appeal Dismissed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which J. ROSS DYER and JILL BARTEE AYERS, JJ., joined.

Craig Rickard, Hartsville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin L. Barker, Assistant Attorney General; W. Ray Crouch, Jr., District Attorney General; and Margaret Sagi, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL BACKGROUND**

On May 22, 2018, a Cheatham County jury convicted the Petitioner of rape of a child and aggravated sexual battery. The trial court imposed an effective sentence of twenty-five years in the Tennessee Department of Correction. This court affirmed the

Petitioner's convictions and sentence on direct appeal. *See State v. Rickard*, No. M2019-01207-CCA-R3-CD, 2021 WL 755122 (Tenn. Crim. App. Feb. 26, 2021), *no perm. app. filed*.

On June 18, 2024, the Petitioner filed a pro se petition for a writ of certiorari and supersedeas pursuant to Tennessee Code Annotated section 27-8-101. In the petition, he asserted that his dual convictions violated the double jeopardy provisions of the United States and Tennessee Constitutions. He contended that aggravated sexual battery is a lesser-included offense of rape of a child and that the trial court's entry of separate judgments for both offenses was constitutionally impermissible.

On December 19, 2024, the trial court entered a written order summarily denying the petition. The court concluded that the Petitioner failed to allege facts or present evidence that would support relief under the standards governing writs of certiorari. The Petitioner then sought this appeal "pursuant to Tennessee Rule of Appellate Procedure 3(b)."

## ANALYSIS

In this appeal, the Petitioner contends that the trial court erred in summarily denying his petition for a writ of certiorari, which sought a merger of his 2018 convictions for rape of a child and aggravated sexual battery. Upon our review, we respectfully conclude that we lack jurisdiction to consider the merits of this appeal.

### A.   APPELLATE JURISDICTION

Tennessee Rule of Appellate Procedure 13(b) provides that "[t]he appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review." In their initial briefing, the parties did not address whether this court has jurisdiction to review a trial court's denial of a writ of certiorari. Accordingly, on July 3, 2025, this court issued an order identifying the potential jurisdictional issue and invited the parties to submit, within twenty-eight days, supplemental briefing if they wished to be heard. *See State v. Bristol*, 654 S.W.3d 917, 927 (Tenn. 2022). As of the filing of this opinion, only the State has submitted additional briefing addressing the issue.

Because jurisdiction is a threshold question, we begin with the governing legal framework. Our supreme court has emphasized that "[a] defendant in a criminal case has no appeal as of right unless it is enumerated in Rule 3(b)" or provided by statute. *State v.*

- 2 -

*Rowland*, 520 S.W.3d 542, 545 (Tenn. 2017) (citations omitted); *see also State v. Lane*, 254 S.W.3d 349, 352 (Tenn. 2008) ("Unlike civil litigants, who have an appeal as of right from any final judgment, parties in criminal cases do not always have an appeal as of right under the Rules of Appellate Procedure."). This court has likewise recognized and applied that principle in recent cases. *See, e.g.*, *State v. Bobo*, 672 S.W.3d 299, 301 (Tenn. Crim. App. 2023).

Applying that framework here, this court has previously held that a trial court's denial of a petition for a writ of certiorari does not fall within the scope of Rule 3(b) and thus does not provide a basis for an appeal as of right. *See State v. Salinas*, No. M2018-00158-CCA-R3-CD, 2018 WL 4674656, at *2 (Tenn. Crim. App. Sept. 27, 2018) ("[A] defendant does not have an appeal as of right from a trial court's order denying a petition for a writ of certiorari, and this court does not have jurisdiction over the [a]ppellant's appeal."), *no perm. app. filed*; *Majors v. State*, No. M2013-01889-CCA-R3-HC, 2014 WL 2547801, at *1 (Tenn. Crim. App. June 4, 2014) ("An appeal of the denial of a petition for a writ of certiorari does not fall under the enumerated actions from which a defendant may appeal as of right under Rule 3(b). Thus, petitioner does not have an appeal as of right from the trial court's order, and this court lacks jurisdiction to adjudicate petitioner's appeal."), *no perm. app. filed*. Because the denial of the petition in this case likewise falls outside the appellate authority conferred by Tennessee Rule of Appellate Procedure 3(b), we conclude that this court lacks jurisdiction to adjudicate the Petitioner's appeal.

## B.    MERITS OF THE PETITION

Despite our conclusion that we lack jurisdiction to hear this appeal, we recognize the possibility that the parties may seek further appellate review. To avoid pretermitting the issue, we elect to address the merits of the Petitioner's claim in the alternative. *See State v. Pendergrass*, 13 S.W.3d 389, 395 (Tenn. Crim. App. 1999) (finding that the evidence was legally insufficient to support the defendant's convictions but holding that an intermediate court must nevertheless address the remaining issues); *Jacobs v. State*, 450 S.W.2d 581, 581 (Tenn. 1970) (stating that the intermediate court of appeals may not pretermit issues entirely).

The common law writ of certiorari, codified at Tennessee Code Annotated section 27-8-101, provides in relevant part:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when,

in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

As the statutory language makes clear, a writ of certiorari may only issue to review the actions of an inferior tribunal that has either exceeded its jurisdiction or acted illegally. *Id.*

Here, the Petitioner did not seek review in a superior court of a lower tribunal's decision. Instead, he filed his petition in the Cheatham County Circuit Court—the same court that had entered the original judgments—asking that court to revisit and merge his prior convictions. Tennessee courts have consistently rejected such use of the writ. *See Ritchie v. State*, No. E2002-02609-CCA-R3-PC, 2003 WL 21972931, at *6 (Tenn. Crim. App. Aug. 18, 2003), *perm. app. dismissed* (Tenn. Nov. 12, 2003) ("A writ of certiorari may not be invoked to secure a court's review of its own judgments."); *see also Salinas*, 2018 WL 4674656, at *2 (concluding that the Bedford County Circuit Court lacked authority to review its own judgment on a writ of certiorari); *Majors*, 2014 WL 2547801, at *1 (holding that the Montgomery County Circuit Court could not entertain a writ of certiorari directed to itself); *State v. Parker*, No. W2004-00911-CCA-R3-CO, 2005 WL 850394, at *3 (Tenn. Crim. App. Apr. 13, 2005) (affirming denial of a writ where the Madison County Circuit Court attempted to review its own prior judgment), *perm. app. denied* (Tenn. Oct. 3, 2005). These decisions uniformly hold that a court lacks authority to issue a writ of certiorari to itself.

Because the Petitioner sought review in the same court that issued the original judgment, rather than in a superior tribunal, the writ of certiorari was not a proper vehicle for relief. Thus, even if we possessed jurisdiction to hear this appeal—and we do not—the Petitioner would not be entitled to relief.

## CONCLUSION

In summary, we hold that the Petitioner does not have an appeal as of right from the trial court's denial of a writ of certiorari. We further conclude that, even if this court possessed jurisdiction, the trial court correctly recognized that it lacked authority to review its own judgments through the use of the writ. Accordingly, we respectfully dismiss the appeal for lack of jurisdiction.

s/ **Tom Greenholtz**
TOM GREENHOLTZ, JUDGE

- 4 -