STATE of Tennessee, Appellee,

v.

Marshall MOFFETT, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

Oct. 17, 1986.

Permission to Appeal Denied by Supreme Court Feb. 9, 1987.

Raymond W. Fraley, Jr., Fayetteville, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Charles E. Bush, Asst. Atty. Gen., Nashville, J. William Pope, Jr., Dist. Atty. Gen., Pikeville, for appellee.

## OPINION

DWYER, Judge.

Upon the defendant's conviction of aggravated sexual battery of an 11-year-old, he was sentenced as a Range I offender to a term of 15 years imprisonment. Both the defendant and the State have appealed as a matter of right. The defendant raises a multiplicity of issues, while the State contests the trial court's sentencing of the defendant as a Range I offender.

Issue I: Whether the evidence is legally sufficient to support a conviction for the crime charged, and establish the date of the offense at January, 1985.

■ The jury's guilty verdict, approved by the trial judge, accredits the testimony of the witnesses for the State. *State v. Hatchett,* 560 S.W.2d 627, 630 (Tenn.1978); *State v. Townsend,* 525 S.W.2d 842, 843 (Tenn.1975). A verdict against the defendant removes the presumption of innocence and raises a presumption of guilt upon appeal. *State v. Grace,* 493 S.W.2d 474, 476 (Tenn.1973); *Anglin v. State,* 553 S.W.2d 616, 620 (Tenn.Crim.App.1977); *Williams v. State,* 552 S.W.2d 772, 776 (Tenn.Crim.App.1977). On appeal the State is entitled to the strongest legitimate inferences which may be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 836 (Tenn.1978). The relevant question for this court, therefore, is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Patton,* 593 S.W.2d 913, 916, 917 (Tenn.1979); *Griffin v. State,* 595 S.W.2d 274, 276 (Tenn.Crim.App.1979); *See* Tenn.R.App.P. 13(e).

In the case *sub judice* the victim testified that one evening when her mother was not home, defendant carried her to his bedroom, pulled off her pants and panties, put his finger between her legs and licked her between her legs. She related the incident to several friends, relatives and an examining physician. The defendant did not testify, however, he offered proof which went to the credibility of the victim and the date of the alleged offense.

■ From the evidence, the jury could and did reasonably conclude that the appellant was guilty of the offense for which he was charged. Such proof was sufficient to support appellant's conviction, and we cannot say on review that this evidence preponderates against his guilt and in favor of his innocence. Furthermore, we agree with the State's contention that the specific date of the commission of the offense averred in the indictment is not material here. *Sullivan v. State,* 513 S.W.2d 152 (Tenn.Crim.App.1974); *Prince v. State,* 529 S.W.2d 729 (Tenn.Crim.App.1975). The issue, therefore, is without merit.

Issue II: Whether the trial court erred in ruling that evidence of the defendant's prior convictions were admissible for the purpose of attacking the credibility of the defendant.

Prior to trial, the defendant informed court that in 1984 he was convicted in Florida of kidnapping and sexual battery, and he received seven-year concurrent sentences. The defendant contended that he

wanted to take the witness stand in his own defense. Thus, he moved *in limine* for a ruling that these two convictions could not be used to impeach him.

In *State v. Morgan,* 541 S.W.2d 385 (Tenn.1976), the Tennessee Supreme Court adopted Rule 609, Federal Rules of Evidence, governing impeachment by evidence of conviction of a crime. In *Morgan,* the Supreme Court held that, "For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime should be admitted if ... the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant...." [1]

In *State v. Martin,* 642 S.W.2d 720, 724 (Tenn.1982), the Supreme Court ruled that the issue of advance rulings in the admissibility of prior conviction for purposes of impeachment is discretionary with the trial court. The United States Supreme Court, however, recently ruled that in order for a defendant to have any merit in an issue of this type, he must testify. *Luce v. United States,* 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). Accordingly, this issue is without merit.

Issue III: Whether prejudicial error occurred when a witness for the State testified that the defendant had been released from jail only months prior to the instant offense.

The defendant also made a motion *in limine* that the State not be allowed to elicit testimony regarding defendant's prior criminal record. Defendant contends that it was reversible error when a State's witness testified on cross examination that the defendant came to her house shortly after his release from jail in Florida. We find this argument to be without merit for several reasons.

First, the witness' statement was elicited by the defendant. *See Miller v. State,* 520 S.W.2d 729, 735 (Tenn.1975); *State v. Stapleton,* 638 S.W.2d 850, 857 (Tenn.Crim.App.1982). Secondly, the trial judge carefully instructed the jury as to

the statement, thus curing any error. *State v. Lewis,* 641 S.W.2d 517, 521 (Tenn. Crim.App.1982), citing *State v. Tyler,* 598 S.W.2d 798 (Tenn.Crim.App.1980); Tenn.R. App.P. 36(b). Thirdly, defendant in his motion did not request that the State instruct its witnesses not to testify as to defendant's prior convictions. This issue is overruled.

Issue IV: Whether it was reversible error for the trial court to refuse to instruct the jury on the lesser included offense of aggravated sexual battery.

The defendant concedes that his special request for jury instruction inaccurately contained assault, an element not of the offense. The trial judge's refusal to give an inaccurate special charge is not reversible error. *Stroud v. State,* 38 Tenn. App. 654, 279 S.W.2d 82 (1955); *Colbaugh v. State,* 188 Tenn. 103, 216 S.W.2d 741 (1948). If the proof clearly shows, as here, that a defendant had committed the higher offense of which he was convicted, it is not error if the court fails to charge on the lesser included offense. *Walker v. State,* 544 S.W.2d 905, 907 (Tenn.Crim.App.1976); *Patterson v. State,* 218 Tenn. 80, 400 S.W.2d 743 (1965) *cert. denied,* 385 U.S. 870, 87 S.Ct. 139, 17 L.Ed.2d 98 (1966); *State v. McKinney,* 605 S.W.2d 842, 847 (Tenn.Crim.App.1980); *Martin v. State,* 497 S.W.2d 583 (Tenn.Crim.App.1973). This issue is overruled.

Issue V: Whether the defendant was denied a fair trial due to alleged improper sequestration of witnesses.

The defendant contends that the testimony of a witness should have been disallowed because she was involved in a discussion with other sequestered witnesses concerning the date on which the alleged incident occurred. We disagree for two reasons.

First, this matter is within the discretion of the trial judge, subject to a showing of abuse which works to the prejudice of the complaining party. *McCravey v. State,* 2 Tenn.Crim.App. 473, 455 S.W.2d

---

1. *See Morgan* at 388–389.

**682**

174 (1970). We find no such abuse of discretion in this case. Secondly, since the date is not the essence of the offense, any error must be harmless. This issue is overruled.

Issue VI: Whether it was reversible error for the trial court to admit evidence of out-of-court conversations between the defendant and the prosecutrix's mother.

■ The defendant contends that allowing the victim's mother to testify that the defendant had informed her on several occasions that he would be "the first one to take Michelle out" was prejudicial error. The Tennessee Supreme Court has held that relevance is determined by the definition given in Fed.R.Evid. 401. *State v. Banks,* 564 S.W.2d 947, 949 (Tenn.1978). The determination of relevance and admissibility lies within the sound discretion of the trial judge, and will be reversed only upon a finding of abuse of that discretion. *Strickland v. City of Lawrenceburg,* 611 S.W.2d 832, 835 (Tenn.Crim.App.1980). We find no such abuse here. Moreover, we find that the evidence was relevant to show the defendant's intent. Consequently, this issue is overruled.

Issue VII: Whether it was prejudicial error for the trial court to permit witnesses to testify that the defendant touched certain intimate parts of another female child who was not the prosecutrix.

■ The State submits that the defendant has waived appellate review of this issue by failing to include it in his motion for a new trial. We agree. *See* Tenn.R. App.P. 36(a); *State v. Simerly,* 612 S.W.2d 196 (Tenn.Crim.App.1980); Tenn.R.App.P. 3(e). This issue therefore has been waived.

Issue VIII: Whether the State's closing argument constituted prosecutorial misconduct.

The defendant contends that the State's closing argument was highly improper and shifted the focus of the jury to an improper consideration.

During closing argument the following exchange took place:

[BY GENERAL POPE] ... the question is guilt or innocence. You're the conscience of the community today, ladies and gentlemen. You didn't ask for it. You didn't volunteer, but you are the conscience of this community. And in one day in the history of the county and more specifically, I believe it's July 25. I forget dates myself, but I think it's July the 25th, 1985, we've got a victim of child sexual abuse in the court for you. She's gone through a lot. I don't mean to be overdramatic, but I really think this decision comes down is going to be two convictions, either way you go, an alternative conviction, either convict Marshall Moffett of what he did or what the State's theory of what he did, and we think substantiated by the proof, or you convict this little girl's infamy for the rest of her life.

MR. FRALEY: Your Honor, at this point I've got to object. I think that is far beyond—

THE COURT: (Interposing) Well, the verdict wouldn't necessarily be that.

GENERAL POPE: I hadn't finished my statement, Your Honor.

The illusions, the allegory, I hope—

THE COURT: (Interposing) And your time is up.

GENERAL POPE: Is—I'm going to quit, Your Honor, is before you and why and what I say, because the little girl's whole soul is before you here. Her whole soul. In calmness and quietness, ladies and gentlemen, I think the State has proven to you beyond a reasonable doubt, reasonable, reasonable, reasonable, not an absolutely certainty, but to a moral certainty to where your minds can rest easy, that this man did this to this little girl, who was his prey, and I don't think you're going to tolerate it. I think you're going to convict him. And I certainly ask you to. Thank you.

■ In determining whether a prosecutor's conduct amounts to reversible error, the test is whether the improper conduct could have affected the verdict to the preju-

dice of the defendant. *Harrington v. State*, 215 Tenn. 338, 385 S.W.2d 758, 759 (1965). This Court, in *Judge v. State*, 539 S.W.2d 340 (Tenn.Crim.App.1976), set forth five factors to be considered by an appellate court in determining whether improper conduct at the trial level affected the verdict of the jury to the prejudice of the defendant.

■ Upon a review of the factors set forth in *Judge*, we conclude that the element of prejudice necessary for reversal is not present in this case. Accordingly, the prosecutor's remark was not reversible error. Finding no merit to any of the issues raised by the defendant, we consider now the sole issue raised on appeal by the State.

> Whether the trial court erred in sentencing the defendant as a Standard Range I offender.

The State contends that the defendant should have been sentenced as a Range II offender pursuant to T.C.A. § 40–35–107 since it was undisputed that he was on probation at the time of this offense. The trial court chose instead to sentence the defendant as a standard offender, because according to the court the Florida felony for which the defendant was previously convicted would not be chargeable as a criminal act in this State. The statute governing this question, T.C.A. § 40–35–107, reads as follows in pertinent part:

An "especially aggravated offense" is:
(3) A felony committed while on any of the following forms of release status if such release is from a prior felony conviction:
(c) Probation
(8) A defendant who is found by the Court beyond a reasonable doubt to have committed an especially aggravated offense shall receive a sentence within Range II.
(10) The finding that a defendant is or is not an especially aggravated offender shall be appealable by either party.

■ In applying these provisions to the case at bar, it is clear that when an accused commits an offense while on probation the trial court must sentence him as a Range II

offender. The trial court is granted no discretion in this matter.

Accordingly, this Court finds the defendant to be a Range II offender, and remands the record to the trial court for appropriate sentencing consistent with this decision.

O'BRIEN and SCOTT, JJ., concur.