**STATE of Tennessee, Appellee,**

v.

**Billy M. WILLIAMS, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Feb. 19, 1993.

Gale K. Flanary, Asst. Public Defender, Blountville, for appellant.

Charles W. Burson, Atty. Gen., Clinton J. Morgan, Sp. Asst. Atty. Gen., Nashville, Carl Kirkpatrick, Dist. Atty. Gen., and R. Jerry Beck, Asst. Dist. Atty. Gen., Blountville, for appellee.

## OPINION

WHITE, Judge.

Billy Williams, the appellant, was tried by a Sullivan County jury for knowingly carrying a loaded pistol inside a General Sessions courtroom while court was in progress in violation of Tennessee Code Annotated Section 39–17–1306. Upon conviction, appellant was sentenced as a range one standard offender to one year to be served concurrently with his other sentences.

The appellant challenges the sufficiency of the evidence, the failure to instruct on a lesser included offense, and the sufficiency of the indictment. For the reasons stated, the judgment of the trial court is affirmed.

On July 6, 1990, appellant appeared in General Sessions Court in Sullivan County before the Honorable Duane Snodgrass. After a conversation with the judge, appel-lant turned to leave the courtroom. Tennessee Highway Patrolman Wesley Mays noticed the outline of a pistol in appellant's right rear pocket and advised the judge that appellant had a gun. The judge directed the trooper to arrest appellant. Trooper Mays, Kingsport Police Officer Susan Odum, and courtroom bailiff Spencer Fletcher followed appellant,[1] and removed a loaded .25 caliber semi-automatic pistol from his right rear pocket. Appellant was arrested and eventually indicted by a Sullivan County Grand Jury for carrying arms in a judicial proceeding in violation of Tennessee Code Annotated Section 39–17–1306.

Appellant filed a motion to dismiss challenging the sufficiency of the indictment. The court heard argument and denied the motion.[2]

At trial, Judge Snodgrass, Tennessee Highway Patrol Office Mays, police officer Odum, and bailiff Fletcher testified. The defendant moved for a judgment of acquittal because no witness saw the actual pistol inside the courtroom. The trial judge denied the motion. The defendant rested without offering any proof and requested that the court instruct the jury regarding Tennessee Code Annotated Section 39–17–1307.

Appellant challenges the sufficiency of the evidence which supports his conviction. A jury verdict which is approved by the trial judge resolves all conflicts in favor of the state, removes the presumption of innocence, and replaces it with a presumption of guilt. *State v. Williams*, 657 S.W.2d 405, 410 (Tenn.1983). Thus, on appeal the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978). This court views the evidence to determine whether any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt and sets aside the convic-

---

1. Although the police officers lost sight of appellant for a short time when he exited the courtroom ahead of them, a witness in the hallway observed appellant and testified that no one in the hallway handed him anything.

2. The trial judge held that the statute prohibited carrying any firearm into a room in which judicial proceedings are in progress.

tion only if the evidence is not sufficient to support the trier's finding. Tenn.R.App.P. 13(e); *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ A review of this record establishes more than ample evidence to support the appellant's conviction. An experienced state trooper who served as a firearms instructor observed the outline of a pistol in appellant's rear pocket while appellant was in a judicial proceeding. Within seconds, appellant was stopped in the hall and the loaded pistol was removed from his pocket. A witness, who observed appellant from the time he left the courtroom until his apprehension, saw no one hand him the pistol in the few seconds it took him to walk down the hallway. A reasonable trier of fact could conclude on these facts that the loaded pistol was in appellant's rear pocket when he appeared in the General Sessions Court. Thus, appellant's challenge to the sufficiency of the evidence is without merit.

■ In his second assignment of error, appellant urges that the trial court erred in not instructing the jury to consider the lesser included offense of carrying arms with the intent to go armed, a misdemeanor under Tennessee Code Annotated Section 39–17–1307. It is the duty of the trial judge to instruct the jury as to the law of all offenses included in the indictment. Tenn.Code Ann. § 40–18–110(a) (1990). A trial judge is not required to charge lesser included offenses if the proof clearly shows that the accused committed the greater offense. *State v. Moffett,* 729 S.W.2d 679 (Tenn.Crim.App.1986), *perm. to appeal denied* (Tenn.1987).

Here appellant relies on *Strader v. State* for his position that the trial judge must advise the jury of all lesser included offenses. This reliance is misplaced. *Strader* clearly holds that lesser included instructions are only required when "the evidence, upon any view the jury may take of it, permits an inference of guilt as to such lesser included offenses." *Strader v.*

*State,* 210 Tenn. 669, 362 S.W.2d 224, 228 (Tenn.1962).

■ The indictment alleges that appellant carried the weapon with the intent to go armed, an element of the lesser included offense but not of the charged offense.[3] It also alleges that the carrying took place during judicial proceedings, an element of the charged but not the lesser included offenses. The better practice may have been to charge both offenses embraced within the indictment. However, here the evidence clearly shows that appellant committed the greater offense contained in Tennessee Code Annotated Section 39–17–1306. Therefore, there is no error in failing to charge the lesser one. *See e.g., State v. Moffett,* 729 S.W.2d 679, 681 (Tenn.Crim.App.1986), *perm. to appeal denied* (Tenn.1987); *Martin v. State,* 497 S.W.2d 583, 586 (Tenn.Crim.App.), *cert. denied* (Tenn.1973); *Walker v. State,* 544 S.W.2d 905, 907 (Tenn.Crim.App.), *cert. denied* (Tenn.1976).

In explaining this exception to a predecessor to the jury instruction statute, the Supreme Court in *Good v. State,* 69 Tenn. 293 (1878), elaborated:

This is a wise statute made for the protection of the accused in all cases in which the facts may demand its application. Its purpose is to secure the defendant the benefit of all the law applicable to the facts of his case, without any request on his part. It was not intended, however, to call from the court a charge upon hypothetical questions not suggested by the proof.

When it is clear that the grade of offense charged is proved, to charge the law pertaining to such lesser grades would simply tend to confuse and mislead the jury, and often result in verdicts inadequate to the crime actually committed....

When the offense charged is beyond controversy made out and is complete, it is the duty of the court to confine its charge to such case ... [so] that the jury may be enabled to decide intelligently the

---

**3.** While the indictment did contain unnecessary averments, these are properly rejected as mere

surplusage. 2 Charles E. Torcia, *Wharton's Criminal Procedure,* § 243 (13th ed. 1990).

single question presented and not be mystified by abstractions.

*Id.* at 294–95.

The legislature has devised a specific statute applicable to those who carry weapons in judicial proceedings. The clear legislative intent is that those offenders carrying weapons to judicial proceedings should be punished more severely than others going armed. *Compare* Tennessee Code Annotated § 39–17–1306(b) *with* Tennessee Code Annotated § 39–17–1307(a)(2). The proof clearly established that appellant's infraction occurred during judicial proceedings in a room in which judicial proceedings were in progress. No real challenge was offered to this element of the offense. Under these circumstances, and given the specific applicability of the offense charged and the overwhelming evidence of guilt, the judge's failure to charge a related misdemeanor is not error. Therefore, appellant's second issue is without merit.

■ The final and principal issue on appeal concerns the construction of the statute with which appellant was charged and convicted. In pertinent part, Tennessee Code Annotated Section 39–17–1306, entitled "Carrying weapons during judicial proceedings," states:

(a) No person shall intentionally, knowingly, or recklessly carry on or about the person while inside any room in which judicial proceedings are in progress any weapon prohibited by § 39–17–1302(a), for the purpose of going armed; provided, however, that if the weapon carried is a *firearm*, the person is in violation of this section regardless of whether such weapon is carried for the purpose of going armed. (emphasis added).

Section 1302(a), "Prohibited weapons," lists the following weapons:

(1) An explosive or an explosive weapon;
(2) A device principally designed, made or adapted for delivering or shooting an explosive weapon;
(3) A machine gun;
(4) A short-barrel rifle or shotgun;
(5) A firearm silencer;

(6) A switchblade knife or knuckles; or,
(7) Any other implement for infliction of serious bodily injury or death which has no common lawful purpose.

The gravamen of appellant's argument is that only three firearms are listed in Section 39–17–1302(a), and, therefore, the term "firearm" that appears in the second portion of Section 1306 applies only to those listed weapons, specifically a machine gun and short-barrel rifle or shotgun. Thus, appellant's argument is that it is illegal to carry a machine gun, short-barrel rifle or shotgun into a judicial proceeding, but it is not illegal to carry any other weapon, including a pistol, into a judicial proceeding. Appellant cites no authority to support his interpretation of the statute. Further, the principles of statutory construction do not permit such a strained reading.

Subsection (a) of Section 1306 contains two prohibitions. First, it prohibits carrying weapons enumerated in Section 1302(a) inside a room in which judicial proceedings are in progress "for the purpose of going armed." Second, it prohibits carrying firearms into such a room "regardless of whether such weapon is carried for the purpose of going armed." Tenn.Code Ann. § 39–17–1306(a)(1991).

■ Appellant argues that the limitation in the first portion of subsection (a) to weapons enumerated in Section 1302(a) also limits the general term "firearm" in the second portion. However, the basic rule of statutory construction is to ascertain legislative purpose and intent as expressed in the statute. *Metropolitan Government of Nashville & Davidson Co. v. Motel Systems, Inc.*, 525 S.W.2d 840 (Tenn.1975). The meaning of a statute is to be derived not from certain words in a single sentence but must be taken from the act as a whole in light of its general purposes. *Loftin v. Langsdon*, 813 S.W.2d 475 (Tenn.App.), *perm. to appeal denied* (Tenn.1991).

■ The obvious intent of the statute is to ensure the safety of judges, lawyers, court personnel, litigants, witnesses, and observers present in the courtroom and to assure the proper decorum and deportment

during judicial proceedings. "Questions involving statutory construction 'must be answered in the light of reason, having in mind the object of the statute, and the mischief it aims at.' " *State v. Netto*, 486 S.W.2d 725, 728 (Tenn.1972) (citations omitted). The intent of the legislature must govern, and, where possible, courts must not construe a statute in a manner that will defeat the obvious legislative purpose. *Id.* It is unreasonable to suppose that the legislature intended to make it a crime to bring a switchblade or a bomb into the courtroom (or a short-barrel rifle for that matter) but not sanction carrying loaded handguns and long-barrel rifles into those same courtrooms.

Finally, while prior penal law required strict construction of criminal statutes, *Estep v. State*, 183 Tenn. 325, 192 S.W.2d 706 (Tenn.1946), that general rule of construction is not applicable under the Criminal Sentencing Reform Act of 1989. The framers instead require construction "according to the fair import of [the statute's] terms, including reference to judicial decisions and common law interpretations, to promote justice, and effect the objectives of the criminal code." Tenn.Code Ann. § 39–11–104 (1991). The interpretation given in this decision to Tennessee Code Annotated Section 39–17–1306 is in accord with the import of its terms, prior statutes,[4] and our criminal code objectives.[5]

We hold that the reference to "firearm" in the second portion of Tennessee Code Annotated Section 39–17–1306(a) refers to all firearms and not only to those firearms specifically enumerated in Section 1302(a).

The indictment charged that the appellant did "feloniously, intentionally, knowingly, recklessly, and unlawfully carry on or about his person with the intent to go armed, a loaded pistol inside the courtroom ... at a time when judicial proceedings were in progress ... contrary to T.C.A. 39–17–1306...." The indictment sufficiently stated the elements of the offense charged and informed the appellant of the specific charge against him so as to allow him to plead a former conviction. *See State v. Smith*, 612 S.W.2d 493, 496–97 (Tenn.Crim. App.1980) *perm. to appeal denied* (Tenn. 1981); *Inman v. State*, 259 S.W.2d 531, 532 (1953). Thus, the trial court did not err in refusing to dismiss the indictment.

The judgment of the trial court is affirmed.

SUMMERS and TIPTON, JJ., concur.

---

**4.** Tenn.Code Ann. § 39–6–1721 (1988 Supp.). This prior statute was identical except for a punctuation change.

**5.** This interpretation prevents harmful and threatening conduct, gives warning of proscribed conduct and penalties, guides law enforcement discretion, and prescribes proportionate punishment. Tenn.Code Ann. § 39–11–101 (1991).