STATE of Tennessee, Appellee,

v.

**Tammy (Chipps) BURDINE, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

June 24, 1994.

Permission to Appeal Denied by Supreme Court Oct. 3, 1994.

John T. Milburn Rogers, Greeneville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Amy L. Tarkington, Asst. Atty. Gen., Nashville, C. Berkley Bell, Dist. Atty. Gen., Anthony E. Hagan, Asst. Dist. Atty. Gen., Greeneville, for appellee.

## OPINION

WELLES, Judge.

This is an appeal pursuant to Rule 9, Tennessee Rules of Appellate Procedure. The

Defendant appeals from the trial court's ruling that the charge against her was a nondivertible offense as a matter of law. We affirm the trial court's decision.

Defendant, Tammy Burdine, was indicted on January 4, 1993 for one count of vehicular assault arising from an accident which occurred April 9, 1992. Vehicular assault occurs when a person, as the proximate result of intoxication, recklessly causes serious injury to another individual by operation of a motor vehicle.[1] The Defendant was the driver in an automobile accident in which her eight year old daughter was seriously injured. The Defendant's blood alcohol level was .348. However, the Defendant was indicted only for vehicular assault, not driving under the influence.

The Defendant requested pretrial diversion, and the District Attorney denied the Defendant's request. The District Attorney denied pretrial diversion because at the time of the request Tennessee Code Annotated section 40–15–105 specifically prohibited pretrial diversion for driving under the influence (D.U.I.). Even though the offense of vehicular assault was not specifically prohibited by the statute at the time of the accident, the District Attorney reasoned that D.U.I. is a lesser included offense of vehicular assault, and therefore, pretrial diversion could not be granted in the case as a matter of law. The trial judge upheld the District Attorney's denial of diversion.

■ When an individual is put on trial for an offense, that individual is also charged with any lesser included offenses. *Strader v. State,* 210 Tenn. 669, 675–76, 362 S.W.2d 224, 227 (1962). An offense is a lesser included offense when it is impossible to commit the greater offense without committing the lesser offense. *State v. Layne,* 623 S.W.2d 629, 637–38 (Tenn.Crim.App.1981). D.U.I. is a lesser included offense of vehicular assault. Tennessee Code Annotated section 39–13–106 makes specific reference to the statute which criminalizes D.U.I. when it states, "A

person commits vehicular assault who, as the proximate result of the person's intoxication as set forth in § 55–10–401 [D.U.I.].... For the purposes of this section, 'intoxication' includes alcohol intoxication as defined by § 55–10–408 [.10 blood alcohol level causes presumption of intoxication]...." Tenn. Code Ann. section 39–13–106 (1991).

■ Because D.U.I. is a lesser included offense of vehicular assault, the prohibition of pretrial diversion for D.U.I. applies to vehicular assault as well. We agree with the State when it argues that it makes no sense to prohibit pretrial diversion for D.U.I. and allow it for vehicular assault. It is very doubtful that the legislature intended to extend eligibility for such extraordinary relief to someone who was driving under the influence only if they seriously injured someone.

In *State v. Netto,* 486 S.W.2d 725 (Tenn. 1972), the Tennessee Supreme Court stated that criminal statutes should not be construed so strictly as to defeat the intention of the legislature when passing the law. *State v. Netto,* 486 S.W.2d 725, 728 (Tenn.1972). The common law required a narrow construction of criminal statutes. *Estep v. State,* 183 Tenn. 325, 333–34, 192 S.W.2d 706, 710 (1946). The current law, under the Criminal Sentencing Reform Act of 1989, requires construction of criminal statutes "according to a fair import of their terms, including references to judicial decisions and common law interpretations, to promote justice, and effect the objectives of the criminal code." Tenn. Code Ann. section 39–11–104 (1991); *State v. Williams,* 854 S.W.2d 904, 908 (Tenn.Crim. App.1993).

Construing this statute according to the fair import of its terms and to effect the objective of the criminal code results in denying pretrial diversion eligibility for vehicular assault. The clear objective of the legislature in denying pretrial diversion for D.U.I. was to discourage driving under the influence by asserting that the crime is a serious one, and the penalties are harsh. By denying

---

1. Tennessee Code Annotated § 39–13–106 states, A person commits vehicular assault who, as the proximate result of the person's intoxication as set forth in § 55–10–401, recklessly causes serious bodily injury to another person by the operation of a motor vehicle. For the purposes of this section, "intoxication" includes alcohol intoxication as defined by § 55–10–408, drug intoxication, or both. Tenn.Code Ann. § 39–13–106 (1991).

pretrial diversion for D.U.I., the legislature has demonstrated that there is no leniency with regard to offenses of driving under the influence. The legislature obviously determined that driving under the influence is a serious problem in the state and did not believe that pretrial diversion for such a crime would be an adequate deterrent to such behavior in the future. Therefore, because D.U.I. is a lesser included offense of vehicular assault, pretrial diversion should be denied for vehicular assault.

■ Vehicular assault and vehicular homicide[2] both specifically include references to the D.U.I. statute and the definition of intoxication, and D.U.I. is a lesser included offense. It stands to reason that the legislature also intended to deny pretrial diversion to more serious offenses in which D.U.I. is a lesser included offense. The present pretrial diversion statute specifically excludes vehicular assault as well as vehicular homicide by intoxication. Tenn.Code Ann. 40–15–

105(a)(1) (Supp.1993). This is further evidence that the legislature intended for the exclusion to apply to offenses in which D.U.I. is a lesser included offense.

Because D.U.I. is a lesser included offense of vehicular assault and construing the statute to include vehicular assault as a nondivertible offense furthers the purpose of the legislature, we agree with the decision of the trial court.

The ruling of the trial court is affirmed.

SCOTT, P.J., and WALTER C. KURTZ, Special Judge, concur.

---

2. Vehicular homicide can occur in two ways. One is the result of conduct creating a substantial risk of death or serious bodily injury. Tenn. Code. Ann. § 39–13–213(a)(1) (1991). The other is the result of intoxication. Tenn.Code Ann. § 39–13–213(a)(2) (1991).