IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
May 4, 2005 Session

**STATE OF TENNESSEE v. WILLIAM GEORGE SOLLER**

**Appeal by permission from the Court of Criminal Appeals**
**Circuit Court for Sevier County**
**No. 8040, 8659    Richard R. Vance, Judge**

**No. E2003-02970-SC-R11-CD  - Filed November 30, 2005**

We have before us the defendant's appeal in this case pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure, and we granted the application in order to determine whether the trial court had authority, following imposition of an agreed sentence, to grant the defendant judicial diversion. Because judicial diversion was not included in the agreement, we conclude that the trial court lacked authority to alter the plea agreement. Additionally, once the judgments of "guilty" were entered, the trial court was precluded from granting judicial diversion because judicial diversion must be granted, if at all, "without entering a judgment of guilty." Accordingly, we affirm the judgment of the Court of Criminal Appeals.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals**
**Affirmed and Case Remanded to the Circuit Court for Sevier County**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and FRANK F. DROWOTA, III, E. RILEY ANDERSON, and JANICE M. HOLDER, JJ., joined.

Richard L. Burnette, Knoxville, Tennessee, and Bryan E. Delius, Sevierville, Tennessee, for the appellant, William George Soller.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Brent C. Cherry, Assistant Attorney General, for the appellee, State of Tennessee.

**Opinion**

**I. Facts and Procedural History**

On May 30, 2000, the Sevier County Grand Jury indicted the defendant, William George Soller, for aggravated burglary and aggravated assault. In a second indictment issued on October 1, 2001, the defendant was indicted for aggravated assault and resisting arrest. On April 2, 2003, the defendant entered into a plea agreement with the State pursuant to Tennessee Rule of Criminal Procedure 11(e)(1)(C), wherein he agreed to plead guilty to aggravated burglary, one count of

aggravated assault, and resisting arrest in exchange for an effective six-year sentence – suspended after service of thirty days in jail, the remainder to be served on community corrections.

At the submission hearing, the trial court discussed the terms of the plea agreement with the defendant. Following this exchange, the defendant's attorney requested judicial diversion for the defendant. The trial court stated that it would allow the defendant to file a motion for diversion, and the motion would be considered at a later hearing. The State responded that judicial diversion was not part of the plea agreement and that it opposed such request. While the defendant's attorney agreed that judicial diversion was not part of the plea agreement, he maintained that it was within the purview of the trial court to grant it. Thereafter, the trial court accepted the defendant's guilty plea and ordered him to serve an effective six-year sentence as a Range I, standard offender in the manner agreed.

On April 8, 2003, the defendant filed a motion for judicial diversion. The trial court did not rule on the motion; instead, on April 30, 2003, it entered judgments in the case without addressing the issue of judicial diversion.

On May 30, 2003, the defendant filed a "Motion for Correction of Judgments," asserting that the judgments were entered while a motion for judicial diversion was pending. That motion was heard on October 14, 2003, at which time the State reiterated its contention that the plea agreement represented the full agreement between the parties. The State maintained that had judicial diversion been mentioned, it would not have entered into the plea agreement. In response, the defendant acknowledged that there had been no agreement as to judicial diversion, but again contended that it was a matter within the trial court's discretion. The trial court ultimately denied the request for diversion, ruling that the defendant was statutorily ineligible for judicial diversion pursuant to Tennessee Code Annotated section 40-35-313 because he had been granted diversion in another state.

On appeal, the Court of Criminal Appeals held that because prior diversions in other states do not serve to disqualify a defendant from judicial diversion under Tennessee Code Annotated section 40-35-313, the trial court erred in finding that the defendant was not statutorily eligible for diversion. Nevertheless, relying on Tennessee Rule of Criminal Procedure 11, the intermediate court affirmed the trial court's judgment denying judicial diversion, holding that the trial court was without authority to grant diversion because it could not alter the terms of the plea agreement.

The defendant appealed to this Court pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure, insisting that the Court of Criminal Appeals misapplied Tennessee Rule of Criminal Procedure 11 and erroneously limited the authority of the trial court to grant judicial diversion.

## II. Standard of Review

The issue before this Court–whether a trial court can grant judicial diversion to a defendant

where the parties have entered into a plea agreement pursuant to Tennessee Rule of Criminal Procedure 11(e)(1)(C) that is silent as to judicial diversion–is a question of law. Therefore, our review is de novo with no presumption of correctness. State v. Yoreck, 133 S.W.3d 606, 609 (Tenn. 2004).

### III. Analysis

The defendant contends that the decision to grant judicial diversion is within the discretion of the trial court and that the State need not consent to such consideration. He also asserts that the trial court had authority to alter the plea agreement because it expressly reserved ruling on the defendant's motion for judicial diversion. Under the particular facts of this case, the defendant argues that entry of judgment pursuant to the routine administrative process did not deprive the trial court of authority to grant judicial diversion.

The State responds that the plea agreement contained the entire agreement between the parties and that the trial court was without authority to alter the terms of that agreement. Specifically, the State notes that: (1) nothing was reserved in the plea agreement for the court to decide, (2) the agreement was dispositive of all sentencing issues, and (3) judicial diversion had never been contemplated by the parties. If such request had been granted, the defendant would have received an additional benefit that the State had not agreed to and, perhaps, might have opposed. The State claims that although the trial court erred in finding the defendant ineligible for judicial diversion, such error was harmless, because the trial court did not have the authority to make that determination in the first place. See Tenn. R. Crim. P. 52(a).[1]

We must determine whether a trial court may alter a plea agreement entered into pursuant to Tennessee Rule of Criminal Procedure 11(e)(1)(C) by granting judicial diversion, even though the agreement did not mention such an option. In this case, the defendant entered his plea agreement pursuant to Tennessee Rule of Criminal Procedure 11(e)(1)(C), which provides for a plea of guilty or nolo contendere where the State and the defendant "agree that a specific sentence is the appropriate disposition of the case." Once such a plea is entered, "the court may accept or reject the agreement pursuant to subdivision (e)(4), or may defer its decision . . . until there has been an opportunity to consider the presentence report." Tenn. R. Crim. P. 11(e)(2). If the trial court accepts the plea, "the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement." Tenn. R. Crim. P. 11(e)(3).

Once the Court decides to accept a plea agreement reached pursuant to Rule 11(e)(1)(C), it must accept the agreement in its entirety, including the agreed upon sentence. See State v. Leath, 977 S.W.2d 132, 135-36 (Tenn. Crim. App. 1998). Rule 11 does not contain a provision that would allow a trial court to alter the terms of a plea agreement entered pursuant to subsection (e)(1)(C). Id. at 135. Thus, based on the plain language of the statute, we conclude that the trial court does not

---

[1]Harmless Error. – No judgment of conviction shall be reversed on appeal except for errors which affirmatively appear to have affected the result of the trial on the merits.

have authority to alter the terms of a plea agreement accepted pursuant to Rule 11(e)(1)(C). Rather, the trial court's choices are either to accept or reject the agreement[2] in its entirety, including the agreed upon sentence.

Regardless of the form of the plea agreement, once the judgment has been entered, the trial court is precluded from granting judicial diversion. A trial court is vested with authority to grant judicial diversion pursuant to Tennessee Code Annotated section 40-35-313. That statute provides,

> The court may defer further proceedings against a qualified defendant and place such defendant on probation upon such reasonable conditions as it may require *without entering a judgment of guilty* and with the consent of the qualified defendant.

Tenn. Code Ann. § 40-35-313(a)(1)(A)(2003 & Supp. 2005) (emphasis added). A "qualified defendant" is one that is found guilty or pleads guilty or nolo contendere to the offense, is not seeking deferral of further proceedings for a sexual offense or a Class A or B felony, and has not previously been convicted of a felony or a Class A misdemeanor. Tenn. Code Ann. § 40-35-313(a)(1)(B)(i)(a)-(c)(2003 & Supp. 2005).

In this case, the defendant appears to be statutorily "qualified" for judicial diversion. See id. This Court held in State v. Schindler, 986 S.W.2d 209, 212 (Tenn. 1999), that a defendant who had twice been granted diversion in two other states was not statutorily ineligible for diversion in Tennessee. This state's diversion statute specifically provides that a defendant may be placed on judicial diversion only once under Tennessee Code Annotated section 40-35-313. Thus, the defendant in this case would not be precluded from judicial diversion, because his previous diversion was in another state.

Nevertheless, Tennessee Code Annotated section 40-35-313 clearly provides that judicial diversion be granted "without entering a judgment of guilty." Tenn. Code Ann. § 40-35-313(a)(1)(A)(2003 & Supp. 2005); State v. Turco, 108 S.W.3d 244, 246 (Tenn. 2003). In Turco, this Court held that the adjudication that the defendant was guilty and entry of judgment precluded the trial court from granting judicial diversion when reducing a sentence pursuant to Tennessee Rule of Criminal Procedure 35(b).[3] Id. at 248. Specifically, this Court held that once a judgment of

---

[2]The trial court may defer this decision until after considering the presentence report but still must decide whether to accept or reject the agreement in its entirety. See Tenn. R. Crim. P. 11(e)(2).

[3]Tennessee Rule of Criminal Procedure 35(b) provides,

> Reduction of Sentence – The trial court may reduce a sentence upon application filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions shall toll the running of this time limitation. A motion for reduction of sentence under this rule may be denied by the trial judge without a hearing. If the application is denied, the defendant may appeal but the defendant shall not be entitled to release on bond unless the defendant is already under bond. If the sentence is modified, the state may appeal as otherwise provided by law. A modification can only be as to any

conviction had been entered pursuant to Tennessee Rule of Criminal Procedure 32(e)[4], a reduction of the sentence pursuant to Rule 35(b) would not remove the adjudication of guilt. Id. "Thus, in order to reduce a sentence of imprisonment (including a suspended sentence) to judicial diversion, the trial court first would be required to vacate the judgment of conviction." Id. Authority to vacate such a conviction is narrowly prescribed. See id.[5]

The defendant asserts that the present case differs from Turco because the trial court had expressly reserved the request for judicial diversion for a later hearing and had directed the defendant to file a petition outlining his request. We do not think this distinction is significant. Although the trial court had stated that it was reserving the issue of judicial diversion, the judgments of conviction were still entered. Consequently, the trial court was precluded from imposing judicial diversion as the statute requires that it is only available "without entering a judgment of guilty." Tenn. Code Ann. § 40-35-313(a)(1)(A)(2003 & Supp. 2005).

## IV. Conclusion

We conclude that when a trial court accepts a plea agreement pursuant to Tennessee Rule of Criminal Procedure 11(e)(1)(C), such agreement represents the full and complete agreement between the parties and cannot be altered by the trial court to include judicial diversion. Thus, the trial court may entertain the issue of judicial diversion only when the court rejects the agreement or when such an option is reflected in the 11(e)(1)(C) plea agreement. Additionally, once a judgment of guilty has been entered, the trial court is precluded from granting judicial diversion.

---

> sentence the court could have originally imposed.

[4]Rule 32(e) provides:
> Judgment. – A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly. The judgment shall be signed by the judge and entered by the clerk.

[5]In Turco, this court stated the following:
> Nothing in Rule 35(b) authorizes the trial court to vacate the judgment of conviction ("the plea, the verdict or findings, the adjudication and sentence") in its entirety. Cf. Tenn. R. Crim. P. 33 (articulating procedures for a new trial and authorizing the vacating of the judgment of conviction in appropriate circumstances); Tenn. R. Crim. P. 32(f) (articulating procedure for the withdrawal of a guilty plea and authorizing the vacating of the judgment of conviction in appropriate circumstances). Thus, judicial diversion must be granted "without a judgment of guilt." In an obvious effort to fulfill this requirement, the trial court purported to vacate the previously entered "judgment of guilt" or conviction. As outlined above, the trial court did not have statutory authority for ordering judicial diversion after an adjudication of guilt or imposition of sentence. Therefore, the order purporting to accomplish this has no effect.
> 108 S.W.3d at 248 (internal footnote omitted).

Accordingly, we affirm the judgment of the Court of Criminal Appeals. It appearing that the defendant, William George Soller, is indigent, costs are taxed to the State of Tennessee, for which execution may issue if necessary.

 

_____
ADOLPHO A. BIRCH, JR., JUSTICE