IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 14, 2014 Session

## STATE OF TENNESSEE v. IRIS A. JONES

**Appeal from the Circuit Court for Cheatham County**
**No. 16332     Larry J. Wallace, Judge**

_____

**No. M2013-00938-CCA-R3-CD - Filed August 20, 2014**

_____

A Cheatham County jury convicted the Defendant, Iris A. Jones, of driving under the influence ("DUI"), first offense, and vehicular assault. The Defendant filed an application seeking judicial diversion. The trial court merged the DUI conviction into the vehicular assault conviction and granted the Defendant's motion for judicial diversion. On appeal, the State contends that the trial court abused its discretion when it found that the Defendant was eligible for judicial diversion. After a thorough review of the record and applicable authorities, we conclude that the Defendant is not a "qualified defendant" for judicial diversion. Accordingly, the case is reversed and remanded to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JERRY L. SMITH, J., joined. JOSEPH M. TIPTON, P.J., filed a concurring in part and dissenting in part opinion.

Chris Young, Ashland City, Tennessee (on appeal) and Dale M. Quillen and Kenneth D. Quillen, Nashville, Tennessee (at trial) for the appellant, Iris A. Jones.

Robert E. Cooper, Jr., Attorney General and Reporter; Michelle L. Consiglio-Young, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; Margaret F. Sagi, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**
**A. Trial**

This case arises from a traffic accident involving the Defendant that resulted in the serious bodily injury of a passenger in the other car involved in the accident. The Cheatham County grand jury indicted the Defendant for DUI, a Class A misdemeanor, and for vehicular assault, a Class D felony. At the Defendant's trial on these charges, the parties presented the following evidence:[1] On August 24, 2010, Lindsay Howard, who was seventeen at the time of the accident, was driving her 1992 Chrysler Lebaron home from school at around 3:30 p.m. Her fifteen-year-old brother, Jacob Howard, and her thirteen-year-old friend "Mika," were passengers in her car. Jacob Howard was sitting in the back seat. Ms. Howard was stopped on a two-way road with her turn signal illuminated, waiting to turn left onto the road where she lived, when the Defendant hit the back end of her vehicle. The impact of the collision propelled Ms. Howard's vehicle into the lane of oncoming traffic.

The impact of the collision rendered Ms. Howard's vehicle doors inoperable. Ms. Howard climbed out of the vehicle through her driver's side window. She then attempted to assist Mr. Howard out of the rear passenger window, but Mr. Howard informed her that his leg was broken and that he was unable to exit the vehicle. Ms. Howard retrieved her telephone from the trunk of the car and called 911. Before emergency responders arrived, Ms. Howard checked on the Defendant, who was sitting in the grass, and learned that she was fine. Emergency responders used the "jaws of life" to open Ms. Howard's vehicle's door and an ambulance transported Jacob Howard to the hospital, his femur broken. A neighbor took Ms. Howard to the hospital.

Trooper Julio Lassalle, who responded to the accident scene, asked the Defendant questions about the accident. The Defendant stated that she did not notice Ms. Howard's vehicle before crashing into it. The trooper noticed that the Defendant's eyes were red and that she had "pin pointed" pupils. He asked the Defendant if she had consumed any alcohol, and the Defendant denied any alcohol consumption. Trooper Lassalle did not notice the odor of alcohol, so he asked the Defendant if she had taken any prescription medication. The Defendant told him that she took Ativan three times a day and had been doing so for three years.

Trooper Lassalle noted that the Defendant was "lethargic," "slow moving," and had slurred speech. She was slow to respond to his questions. The Defendant, who was sixty-four years old, consented to undergoing field sobriety tests. Trooper Lassalle gave the Defendant the "nine step walk and turn," the "one-leg stand," and the "finger to nose" tests. The Defendant did not perform well on the tests, giving the officer multiple clues that she

---

[1]As this is an appeal by the State, and in consideration of the issue before us, we briefly summarize the facts presented at trial in the light most favorable to the State.

was impaired. Trooper Lassalle video-recorded the field sobriety tests, and they were played for the jury. Based on the totality of the circumstances, Trooper Lassalle determined that the Defendant was impaired and should not have been driving a vehicle. He determined that the Defendant's impairment was the primary factor in the crash, and he arrested her for DUI. The Defendant consented to a blood test. Malinda Quinn, a special agent forensic scientist with the TBI and an expert in the field of toxicology, testified that the Defendant's blood contained 28.4 nanograms per milliliter of Lorazepam, the brand name of which was Ativan, a member of the benzodiazepines class. This was within a normal or therapeutic dosage. Ms. Quinn explained that this class of drug slows the signals to one's central nervous system, helping decrease anxiety or assisting in sleep. The drugs, however, also slow critical judgment, meaning it would take one longer to see a threat in a roadway. The Defendant's blood tested negative for other drugs, including alcohol.

The Defendant testified on her own behalf, stating that she was sixty-six years old and married. She had five grandchildren, and she and her husband had custody of four of their five grandchildren. She had three of the grandchildren, ages sixteen, twelve, and eleven, with her at the time of the accident. The two younger grandchildren, who were seated in the backseat of the car, were engaged in an argument immediately before the accident. The Defendant said that this argument was what distracted her and caused her not to see Ms. Howard's vehicle. The Defendant stated that she had undergone knee replacement surgery, causing one leg to be almost an inch shorter than the other leg. The Defendant stated that she took her medication as prescribed and was not impaired by the medication.

During cross-examination, the Defendant agreed she was driving a large SUV, a Ford Expedition, at the time of the accident. The Defendant stated she was prescribed Ativan to address her anxiety.

Based upon this evidence, the jury convicted the Defendant of DUI, first offense, and of vehicular assault. The trial court merged the DUI conviction into the conviction for vehicular assault.

**B. Motion for Judicial Diversion**

The Defendant filed a notice of mitigating factors, and the State responded with its notice of enhancement factors. The Defendant then filed a motion for judicial diversion. The trial court held a sentencing hearing, wherein it addressed the application for judicial diversion, and during which the parties presented the following evidence: The Defendant's husband, Glen Jones, testified that he and the Defendant had been married for more than twenty years. He described them as having a "good home" and attending church. He said the Defendant was a good grandmother, noting that they had raised four of their

grandchildren, sending them all to a Christian school. Mr. Jones said neither he nor his wife consumed alcohol.

Mr. Jones testified that the Defendant was upset and expressed remorse on the day of the accident. She was upset that others were hurt but also that her own grandchildren could have been injured. Mr. Jones said that the Defendant had never previously been convicted of a crime and that the loss of her driver's license would be "crippling" to them. He said he considered her a "safe" driver.

During cross-examination, Mr. Jones conceded that the Defendant had twice before received speeding citations and had also been involved in one other car accident.

During argument, defense counsel noted that the judicial diversion statute, Tennessee Code Annotated section 40-35-313, did not exclude vehicular assault. The State countered that DUI, the lesser-included offense in this case, was not an offense for which a defendant would be eligible for judicial diversion per statute.

The trial court found:

> The Court has thought long and hard about this situation . . . . It's, obviously, not your typical case where you have somebody drinking and driving and that kind of situation, which is more often than not your typical DUI.
>
> Here we had a case of prescription medication over usage and . . . . Like I said, I thought long and hard about it yesterday and I continued to think long and hard about it today, and I appreciate the attorneys' argument on both sides.
>
> In the case of State v. Eatherly, . . . of course, that case involved a typical DUI type case. And as I mentioned before, this involved prescription medication. Now that doesn't make it any different necessarily, but it does make you look at it a little differently. Of course, in that case too, the defendant had a point 22 blood alcohol level.
>
> So, in this case, of course, this person had been found guilty of vehicular assault also and reckless aggravated assault and also driving on a suspended license. So, there's a little bit of difference there.

In that case, though, the Court did find that the defendant was eligible for judicial diversion. Of course, having eligibility does not necessarily entitle the defendant to judicial diversion just as it stated in that case that I cited.

The factors the Court looks to, of course, is the defendant's criminal record, social history, mental and physical condition, attitude and behavior since arrest, emotion stability, current drug usage, past employment, home environment, marital stability, family responsibility, general reputation and amenability to correction as well as the circumstance of the offense, the deterrent effect and punishment upon other criminal activity, and the likelihood that diversion will serve the ends of justice and best interest of both the public and the defendant.

And like I said, the Court has thought long and hard. The Court has looked at the driving history of [the Defendant] and she does have speeding tickets, but as [defense counsel] stated, that's not necessarily unusual for most people in the courtroom. And then, of course, she did have two prior accidents several years ago in '03 and '05 that were just property damage accidents. That, in itself, is not necessarily unusual too. People have fender benders. Obviously, this was a lot more serious accident, though.

So, considering all that, the Court is concerned about the driving history somewhat and medication usage and her age, too, to some extent, but considering all things, the Court is going to grant a diversion and – but I am going to put on some additional probation conditions.

Her license will be seized, so to speak, for six months as part of the probation. It's a two-year probationary period. After the six months has expired, the license will continue to be held until she's able to re-test at the Department of Safety fully, written and driving test, and pass those tests. After which time if she's able to do that, she will be able to get her license back after that period of time.

If she's not able to, then the license will continue to be held for the two-year – full two-year probationary period. Again, she's to have to re-test fully the written and driving testing part. If she's able to pass that, she can get her license after six months.

It is from this judgment that the State appeals.

## II. Analysis

On appeal, the State contends that the trial court abused its discretion when it found that the Defendant was eligible for judicial diversion pursuant to Tennessee Code Annotated section 40-35-313. Further, the State contends that the trial court erred when it granted the Defendant judicial diversion. The Defendant counters first that this Court lacks jurisdiction, as this appeal is not proper pursuant to Tennessee Rule of Appellate Procedure 3. Further, she contends that the trial court properly found that the Defendant was eligible for judicial diversion.

## A. Tennessee Rule of Appellate Procedure 3

The Defendant contends that this issue is not properly before this Court pursuant to Tennessee Rule of Appellate Procedure 3. The State counters first that this issue is properly before this Court pursuant to Rule 3(c)(4) because judicial diversion is a probationary sentence. We agree with the State.

Tennessee Rule of Appellate Procedure Rule 3(c) states:

(c) Availability of Appeal as of Right by the State in Criminal Actions. In criminal actions an appeal as of right by the state lies only from an order or judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) the substantive effect of which results in dismissing an indictment, information, or complaint; (2) setting aside a verdict of guilty and entering a judgment of acquittal; (3) arresting judgment; *(4) granting or refusing to revoke probation*; or (5) remanding a child to the juvenile court. The state may also appeal as of right from a final judgment in a habeas corpus, extradition, or post-conviction proceeding, from an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, and from a final order on a request for expunction. (emphasis added).

Courts of this state, including the Tennessee Supreme Court, have previously reviewed a grant of judicial diversion pursuant to Rule 3(c)(4). *State v. Soller*, 181 S.W.3d 645, 650 (Tenn. 2005); *State v. Bilbrey*, No. M2002-01043-CCA-R3-CD, 2004 WL 392587 (Tenn. Crim. App., at Nashville, Mar. 3, 2004) *no perm. app. filed*. This Court in *Bilbrey* opined the following with regard to judicial diversion:

> The term "judicial diversion" is an appellation used by the courts to distinguish it from section 40-15-105 pretrial diversion and is not used in the governing statute. Tenn. Code Ann. § 40-35-313; *Norris*, 47 S.W.3d at 462. Tennessee

Code Annotated section 40-35-313 is a probation statute with the distinguishing feature that the trial court may grant probation under this section without entering a judgment of guilt. *Norris*, 47 S.W.3d at 462. Obviously judicial diversion is a more favorable form of probation than serving one's sentence through an ordinary probation, but judicial diversion is nonetheless a probationary sentence.

2004 WL 392587, at *7. In accordance with these authorities, we conclude that we have jurisdiction to hear this case pursuant to Tennessee Rule of Appellate Procedure 3(c)(4).

## B. Judicial Diversion

When a defendant is eligible for judicial diversion, a judge has the discretion to defer proceedings without entering a judgment of guilty. T.C.A. § 40-35-313(a)(1)(A) (2010). The statute states that a trial court may grant judicial diversion in appropriate cases. *Id.* Following a grant of judicial diversion, the defendant is on probation but is not considered a convicted felon. *Id.* To be eligible for judicial diversion, a defendant must be a "qualified defendant" as defined by the Tennessee Code section governing judicial diversion:

(B)(i) As used in this subsection (a), "qualified defendant" means a defendant who

(a) Is found guilty of or pleads guilty or nolo contendere to the offense for which deferral of further proceedings is sought;

(b) Is not seeking deferral of further proceedings for a sexual offense, a violation of § 71-6-117 or § 71-6-119 or a Class A or Class B felony; and

(c) Has not previously been convicted of a felony or a Class A misdemeanor.

T.C.A. § 40-35-313(a)(1)(B)(i). The case presently before us hinges on whether the Defendant is a "qualified defendant" as defined by Tennessee Code Annotated section 40-35-313(a)(1)(B)(i). We first note that, essentially, judicial diversion is similar to pretrial diversion, *State v. James C. Wolford*, No. 03C01-9708-CR-00319, 1999 WL 76447, at *5 (Tenn. Crim. App., at Knoxville, Feb. 18, 1999), *perm. app. denied* (Tenn. Sept. 20, 1999), the difference between the two being that judicial diversion follows a determination of guilt and the decision to grant diversion rests with the trial court, not the prosecutor. *See State v. Anderson*, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992). The pretrial diversion statute, Tennessee Code Annotated section 40-15-105(a)(1), specifically excludes those persons

charged with vehicular homicide by intoxication from eligibility. *See State v. Burdine*, 888
S.W.2d 463, 465 (Tenn. Crim. App. June 24, 1994), *perm. app. denied* (Tenn. 1994); *see also*
Availability of Pre-Trial Diversion in Vehicular Assault and Vehicular Homicide Cases,
Tenn. Op. Att'y Gen. No. 93-34 (Apr. 6, 1993).

In *Burdine*, the defendant appealed the trial court's ruling that the charge against her
was a nondivertible offense as a matter of law. The defendant was indicted for one count of
vehicular assault arising from an accident. Vehicular assault occurs when a person, as the
proximate result of intoxication, recklessly causes serious injury to another individual by
operation of a motor vehicle. The defendant, whose blood alcohol level was .348, was the
driver in an automobile accident in which her eight-year-old daughter was seriously injured.
The defendant was not also indicted for DUI.

The defendant in *Burdine* requested pretrial diversion, and the District Attorney
denied the defendant's request. The District Attorney denied pretrial diversion because, at
the time of the request, Tennessee Code Annotated section 40-15-105 specifically prohibited
pretrial diversion for DUI. Even though the offense of vehicular assault was not specifically
prohibited by the statute at the time of the accident, the District Attorney reasoned that DUI
is a lesser included offense of vehicular assault, and therefore, pretrial diversion could not
be granted in the case as a matter of law. The trial judge upheld the District Attorney's
denial of diversion.

On appeal, this Court held:

When an individual is put on trial for an offense, that individual is also
charged with any lesser included offenses. *Strader v. State*, 210 Tenn. 669,
675-76, 362 S.W.2d 224, 227 (1962). An offense is a lesser included offense
when it is impossible to commit the greater offense without committing the
lesser offense. *State v. Layne*, 623 S.W.2d 629, 637-38 (Tenn. Crim. App.
1981). D.U.I. is a lesser included offense of vehicular assault. Tennessee
Code Annotated section 39-13-106 makes specific reference to the statute
which criminalizes D.U.I. when it states, "A person commits vehicular assault
who, as the proximate result of the person's intoxication as set forth in § 55-
10-401 [D.U.I.] . . . . For the purposes of this section, 'intoxication' includes
alcohol intoxication as defined by § 55-10-408 [.10 blood alcohol level causes
presumption of intoxication] . . . ." Tenn. Code Ann. section 39-13-106 (1991).

Because D.U.I. is a lesser included offense of vehicular assault, the
prohibition of pretrial diversion for D.U.I. applies to vehicular assault as well.
We agree with the State when it argues that it makes no sense to prohibit

pretrial diversion for D.U.I. and allow it for vehicular assault. It is very doubtful that the legislature intended to extend eligibility for such extraordinary relief to someone who was driving under the influence only if they seriously injured someone.

In *State v. Netto*, 486 S.W.2d 725 (Tenn. 1972), the Tennessee Supreme Court stated that criminal statutes should not be construed so strictly as to defeat the intention of the legislature when passing the law. *State v. Netto*, 486 S.W.2d 725, 728 (Tenn. 1972). The common law required a narrow construction of criminal statutes. *Estep v. State*, 183 Tenn. 325, 333-34, 192 S.W.2d 706, 710 (1946). The current law, under the Criminal Sentencing Reform Act of 1989, requires construction of criminal statutes "according to a fair import of their terms, including references to judicial decisions and common law interpretations, to promote justice, and effect the objectives of the criminal code." Tenn. Code Ann. section 39-11-104 (1991); *State v. Williams*, 854 S.W.2d 904, 908 (Tenn. Crim. App. 1993).

Construing this statute according to the fair import of its terms and to effect the objective of the criminal code results in denying pretrial diversion eligibility for vehicular assault. The clear objective of the legislature in denying pretrial diversion for D.U.I. was to discourage driving under the influence by asserting that the crime is a serious one, and the penalties are harsh. By denying pretrial diversion for D.U.I., the legislature has demonstrated that there is no leniency with regard to offenses of driving under the influence. The legislature obviously determined that driving under the influence is a serious problem in the state and did not believe that pretrial diversion for such a crime would be an adequate deterrent to such behavior in the future. Therefore, because D.U.I. is a lesser included offense of vehicular assault, pretrial diversion should be denied for vehicular assault.

Vehicular assault and vehicular homicide both specifically include references to the D.U.I. statute and the definition of intoxication, and D.U.I. is a lesser included offense. It stands to reason that the legislature also intended to deny pretrial diversion to more serious offenses in which D.U.I. is a lesser included offense. The present pretrial diversion statute specifically excludes vehicular assault as well as vehicular homicide by intoxication. Tenn. Code Ann. 40-15-105(a)(1) (Supp. 1993). This is further evidence that the legislature intended for the exclusion to apply to offenses in which D.U.I. is a lesser included offense.

Because D.U.I. is a lesser included offense of vehicular assault and construing the statute to include vehicular assault as a nondivertible offense furthers the purpose of the legislature, we agree with the decision of the trial court.

*State v. Burdine*, 888 S.W.2d at 464-65 (footnotes omitted). *See also Wolford*, 1999 WL 76447, at *5 (citing *Burdine* and holding that a defendant convicted of vehicular homicide by reason of DUI was not "eligible for a grant of judicial diversion").

We recognize that there are cases that indicate that vehicular assault by reason of DUI convictions are eligible for diversion. *See State v. Kyte*, 874 S.W.2d 631 (Tenn. Crim. App. 1983) (affirming the trial court's denial of judicial diversion by stating "While the defendant, as a first offender, qualifies for judicial diversion as to the vehicular assault, the circumstances of the offense may alone serve as the basis for denial."); *State v. Eatherly*, No. M2009-01543-CCA-R3-CD, 2010 WL 2787703 (Tenn. Crim. App., at Nashville, July 14, 2010) (noting that the trial court found that the Defendant, who was convicted of vehicular assault by DUI, was eligible for judicial diversion and then affirming the trial court's denial based upon the other circumstances present), *perm. app. denied* (Tenn. Dec. 8, 2010). In neither of these cases, however, was the issue on appeal whether the trial court erred when it deemed the defendant eligible for judicial diversion; rather, the issue presented was whether the trial court erred when it denied judicial diversion. Accordingly, after our thorough review of the applicable authorities addressing whether a defendant in these circumstances is eligible for judicial diversion, we conclude that the authority confirms that a defendant convicted of vehicular assault is not statutorily eligible for judicial diversion. Because a defendant convicted of vehicular assault by reason of DUI would not be a "qualified defendant" for judicial diversion, the trial court in this case abused its discretion by deeming the Defendant eligible and, subsequently, granting her request for judicial diversion. *See Koon v. United States*, 518 U.S. 81, 100 (1996) (holding that an error of law is an abuse of discretion "by definition"); *State v. Banks*, 271 S.W.3d 90, 116 (Tenn. 2008) (stating that "[r]eviewing courts will find an abuse of discretion only when the trial court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party") (internal citations omitted). The trial court's decision is, therefore, reversed.

### III. Conclusion

Based on the aforementioned reasoning and authorities, we conclude that error exists in the judgment of the trial court. The trial court's judgment is, therefore, reversed, and the

-10-

case is remanded for proceedings consistent with this opinion and for entry of an appropriate sentence.

_____
ROBERT W. WEDEMEYER, JUDGE